## WILLIAM SULLIVAN *vs.* JAMES M. THOMPSON & others.

In the receipt of an expressman for a package addressed to a consignee at a particular place in a certain city, the stipulation that the package "is to be forwarded to our agency nearest or most convenient to destination only" does not discharge the expressman from all liability other than for the safe delivery of the package at his own place of business in that city and its safe keeping there upon arrival; but, if he has agents there who habitually deliver such packages according to the special address of each, he is bound to deliver the package as it is specially addressed, according to the reasonable usages of his business; and a usage of expressmen, whenever packages arrive at their places of business specially addressed to consignees at establishments where many persons sojourn or are employed, to deliver them in the offices or counting-rooms of such establishments for the consignees to the clerks there in charge, and take the receipts of the clerks therefor, without giving notice to the consignees personally, is a reasonable usage, in respect to ordinary packages such as a box of clothing of the value of fifty dollars.

CONTRACT against the proprietors of Harnden's Express for the value of a box of clothing intrusted to them at Boston for transportation to Washington in the District of Columbia. Answer, that the box was duly delivered in conformity with the defendants' contract.

At the trial in the superior court, before *Wilkinson*, J., these facts appeared: The plaintiff was in the military service of the United States, and employed in a bakery of the commissary department of the army, on the corner of 23d and G Streets in Washington, where, at the time in question, from ninety to a hundred men were employed in the same manner, all of whom were boarded and lodged in the bakery, the business of which was carried on both by day and by night. By the military regulations for the conduct of the bakery, expressmen and other per

sons calling there on business were admitted only to an office which was at that time under the sole charge of a clerk named Francis M. Everett, who attended there from October 1862 to September 1865, " during a part of which period three other clerks, and the remaining part two other clerks, were there employed, and during the whole of which period it was the usage at said bakery, well known to all employed there, for the clerks at the office to receive all parcels brought to said bakery by expressmen or others for any of the men employed in said bakery, any such one of the clerks as might be present at the time, and least busy, receiving the same for the consignee and receipting therefor."

The plaintiff's box, (which, with its contents, it was agreed was of the value of fifty dollars,) marked " Wm. Sullivan, Government Bakery, corner 23d and G streets, Washington, D. C.," was delivered at Lowell to Sargent & Co., expressmen between Lowell and Boston, who transported it to Boston, and there delivered it on June 12, 1865, to the defendants, who received it upon an agreement or receipt, signed by their agent at Boston in their name, and by him given to Sargent & Co., the material part of which was as follows : " Received from Sargent & Co one box, marked Wm. Sullivan, Washington, D. C., which it is mutually agreed is to be forwarded to our agency nearest or most convenient to destination only." " Freight, $1.50." The defendants transported the box to Washington, and upon its arrival there, on June 14, it was delivered by John Y. Roseberry one of their delivery agents in Washington, to Everett, in the office of the bakery, at a time within the ordinary hours of business, and Everett received it for the plaintiff and gave Roseberry a receipt for it. The plaintiff was not present in the office at the time ; nor was sent for ; and the box never came into his hands.

The defendants offered to show, " that during the period while Everett was clerk at said bakery it was the uniform usage for all expressmen bringing parcels there, addressed to any of the men there employed, to deliver the same at the office to some one of the clerks therein at the time, taking his receipt therefor, withou

notice to the consignee;" but the judge excluded the evidence. The defendants also offered to show " that it is and ever has been the uniform, established and well known course of business and usage of the defendants as expressmen, and of all other express companies, when any parcel arrives at their office in Washington, or any other place, marked as this parcel was, not to leave it at their office to be called for, unless the parcel is expressly marked, ' To be left at the office till called for,' but to take such parcel immediately to the place denoted by the mark, or, when not so marked, to the place of residence, sojourn or business, at the time, of the consignee, and, if the place is an establishment wherein many persons then reside, sojourn or are employed, to deliver it at the office or counting-room of the establishment to the clerk or other person occupying the same at the time, delivering it to him for the consignee, taking the receipt of such person and giving no notice. to the consignee, and treating this as a complete delivery ; and that this course of business and usage was at the time well known to Sargent & Co." The judge excluded this evidence also ; and directed a verdict for the plaintiff. The defendants alleged exceptions.

*P. H. Sears*, for the defendants.

*C. Cowley*, for the plaintiff.

CHAPMAN, C. J. The business of carrying goods by express is a branch of the carrying trade that has recently sprung up, and its rapid extension and increase is evidence of its great importance to the community. Sometimes expressmen act as carriers, and sometimes as forwarders, and sometimes they transport goods in vessels or other vehicles over which they have no control, but employ a servant of their own to take special charge of the goods. It is not necessary in this case to consider how far the responsibility of an express company may be varied when they act as carriers in their own vehicles, or in vehicles controlled in whole or in part by other parties, or when they act as mere forwarders ; for the box in question was safely carried, and came into the possession of the defendants' agents at Washington. The question to be considered is, whether they have disposed of it properly.

By their receipt, they agreed that it should be forwarded "tc our agency nearest or most convenient to destination only." Its destination, as marked, was "Wm. Sullivan, Government Bakery, corner 23d and G streets, Washington, D. C." The plaintiff, being at that time in the military service of the United States, was employed in a government bakery situated at the corner of 23d and G streets. The defendants had at Washington a place where packages were received, and agents who were employed by them to deliver such packages in conformity with the usages of the company. The word agency in the receipt obviously includes not only the defendants' place of business, such as it was, but also their servants and teams employed to deliver packages; and the defendants were under obligation to cause this agency to be exercised, not only for the safe keeping of the goods upon their arrival at their place of business, but for their further carriage and delivery so far as their agency extended.

All their reasonable usages would enter into their contract, and become a part of it, and their liability would be limited by such usages. These usages consist in methods of doing business; and, when a party employs them to carry a package, and asks for no special stipulation, his implied proposal is, that they shall carry and dispose of the package in the same manner as they are accustomed to do with such packages, provided it be reasonable; and this is the proposal which they impliedly accept; and it constitutes the contract, except so far as it is varied by express stipulations. Some of their usages are adopted with reference to the compensation charged by them. It is important to the public that goods be carried as cheaply as possible; and, in order to meet this want, it is expedient to adopt usages which shall save expense. These usages may relate to the delivery of goods. The usage of the defendants in this respect is stated in the report. The only question that can arise respecting it is, whether it is reasonable. This must depend somewhat upon the character of the property to be delivered. If it were a heavy article, of no great value and which might safely be left exposed, it might be reasonable to leave it on the premises where the con-

signee resides, in an exposed position. On the other hand, if it were a package of money, or article of similar value, it might not be reasonable to deliver it even at the office or counting-room of the consignee, without putting it in the care of some reliable person. In the present case it was a box of clothing. It was delivered within business hours at the office of the government bakery, which was the only part of the bakery where the defendants' agent could go, to a government clerk there employed, who alone occupied the office and had charge there, and who received the parcel for the plaintiff and gave a receipt therefor. This was in conformity with the well-known usage of the managers of the bakery, and with the usage of the defendants.

Considering the nature of the property, and the circumstances, the court are of opinion that the usage was not unreasonable, and that the defendants fulfilled their contract if they delivered the box in conformity with it. The evidence should have been admitted. *Exceptions sustained.*