HENRY M. PACKARD *vs.* JOHN D. EARLE & another.

A usage upon the part of an expressman to leave packages at a particular railway station and to substitute a notice of the arrival of the goods there for a personal delivery, must be proved to have been known to the consignor at the time of making the contract of consignment, in order to be binding upon him.

TORT against the defendants as common carriers for the loss of a trunk and its contents, intrusted to them to be carried from Providence, Rhode Island, to West Mansfield, Massachusetts, and to be there delivered to the plaintiff.

At the trial in the Superior Court, before *Pitman*, J., it appeared that the defendants were express carriers over the line of the Boston & Providence Railroad from Providence to Boston, and intermediate stations; that the trunk was delivered to them at their office in Providence, on Saturday, March 2, 1872, to be carried by them as expressmen to the plaintiff at West Mansfield, a station on the railroad; that it was marked " Henry M. Packard, West Mansfield; " that no special directions as to the delivery were given; that the plaintiff did business in Wrentham, during the week, and was accustomed to spend Sundays at his father's house, about one-half of a mile from the West Mansfield station; that the Boston & Providence Railroad Company had had a depot at West Mansfield for about twenty years, where some of their trains had stopped for receiving and leaving passengers and merchandise; that the defendants and other express carriers on the line of the railroad had been accustomed to deliver and receive at that station, parcels, carried and to be carried by them, employing the station agent and switch tender as their agents; that the amount of express business there was very small that no messenger had ever been employed there by any express carriers for the delivery of goods; that it had been the uniform course of business of all express carriers to deliver all goods and parcels destined for that place to the station agent, who kept them in the baggage room, notified the consignees of their arrival and delivered them when called for at the station.

The plaintiff testified that this was the first package that had ever come to West Mansfield for him by express ; that he had no knowledge of the regulations or usages mentioned, or of any limitation of the defendants' liability as expressmen. It appeared that the trunk was safely carried and delivered to the station agent at West Mansfield, in the due course of the defendants' business, Monday morning, March 4 ; that on the same day in the afternoon, the plaintiff went to the depot, and was notified by the station agent of the arrival of the trunk, and it was shown to him in the baggage room in the depot where all goods left by the railroad company, and by the defendants, and by other express companies were deposited for safe keeping ; that no directions were given to the station agent by the plaintiff respecting the goods ; that all charges on the goods had been prepaid, and they were ready for delivery. The plaintiff testified that as he was shown the trunk the train whistle was heard, and he went away on the cars to his place of business.

It appeared that the trunk was in the room at the time of closing the building, Tuesday night ; that the room was forcibly entered during the night by some person, who by the use of a chisel or some similar tool had pried up the window of the baggage room, and broken the spring at the top of the window by which it was fastened ; that the trunk had been stolen, and had not since been found. This was all the material evidence.

The defendants requested the court to charge the jury " that the uniform and long continued course of the business of the defendants, and of all other express carriers, and their uniform and long continued usage and practice in respect to the delivery of goods intrusted to them for carriage and delivery, (such usage being reasonable at the place of destination of the plaintiff's goods,) was a fact of which the plaintiff was bound to take notice, and must be presumed to have had knowledge ; that such course of business, usage and practice at the place of destination of the goods, were essential and controlling ingredients in the contract of the parties ; and that if the goods were safely carried and delivered at West Mansfield, in accordance with such uniform course of business, usage and custom, and due notice thereof given to the

plaintiff by the defendants, that after such notice the defendants duties and obligations in respect to such goods, as common carriers, were discharged; that if the plaintiff did not remove the goods within a reasonable time after such notice of their arrival, the defendants were only responsible for ordinary neglect, and if the goods were stolen, with no evidence of want of ordinary care on the part of the defendants, the plaintiff could not recover."

The court declined so to instruct the jury, but did charge as follows : " That express companies are common carriers, and, as a general rule, are held to the duty of personal delivery. That a different contract from that implied in law may arise from the actual or presumed agreement of the parties. Usage so long established, so uniform, and so well known, that it must be supposed that the parties to a contract knew it and referred to it, becomes, as it were, a part of the contract, and may modify the rights and duties of the parties. And in the present case it is competent for the defendants to show that the uniform usage and course of business in which they were engaged was to leave packages sent to West Mansfield at the depot, with notice to the consignee, as a substitute for personal delivery ; and if such usage be shown of so long continuance, uniformity and notoriety as to justify the jury in finding that it was actually known to the plaintiff, then the defendants' liability as common carriers would cease upon such delivery at the depot and notice. But the jury upon the whole evidence must be satisfied that the plaintiff knew of such usage or of such restricted undertaking."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*W. W. Blodgett,* of Rhode Island, for the defendants.

*J. Daggett,* for the plaintiff.

ENDICOTT, J. It was the duty of the defendants, as common carriers of parcels, to deliver the trunk to the plaintiff personally or at his residence at West Mansfield, and until such delivery their liability as carriers continued. This liability they under took to limit by proof of a usage in their business to leave pack ages sent to West Mansfield at the station, with notice to the consignee, as a substitute for personal delivery. This was not a

general usage of such a character, that a presumption of knowledge arises by mere force of its existence, and which enters into and becomes part of the agreement of the parties. It was a particular usage, local in its application and character, and confined to this station, and in order to bind the plaintiff, it must be proved that he knew it, when he made the contract with the defendants to carry the trunk. The instructions on this point were sufficiently favorable to the defendants. *Stevens* v. *Reeves*, 9 Pick. 198. *Berkshire Woollen Co.* v. *Proctor*, 7 Cush. 417.

The case is clearly distinguishable from *Sullivan* v. *Thompson*, 99 Mass. 259, relied on by the defendants. There the question was whether evidence was admissible to show a certain usage in regard to the delivery of parcels at the government bakery in Washington, to persons employed therein in the military service of the United States, and was decided upon the peculiar circumstances and facts of the case, and has no application to the questions raised here.

The bill of exceptions does not raise the question of law, whether upon the facts as stated there was a delivery of the trunk to the plaintiff. There is no ruling reported on that question, and there is nothing to show that the attention of the court was called to it during the trial. It is not open therefore to the defendants to argue upon the general recital of facts in the bill, that there was in law a delivery to the plaintiff.

*Exceptions overruled.*