ENGLEBERT PETER ET AL.

v.

WILLIAM C. HILL.

1. INSTRUCTIONS.—The instruction given in this case is erroneous, because it is subversive of the right of trial by jury, because it states that the debt was only matter of form, whereas it was matter of substance to be found by the jury, and because it is misleading as to the effect of the payment of damages.

2. CERTAINTY IN SPECIFYING TOTAL OF FEE-BILL.—The total of a fee-bill, being made by statute a part of the judgment, must be governed by the rules applicable to judgments.    Where a fee-bill, comprised of several items, was footed up and the result expressed thus "15.10: total." *Held*, that the fee-bill lacked the requisite certainty.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.    Opinion filed April 24, 1883.

Messrs. BRANDT & HOFFMAN, for appellants; that in a judgment for money the sum must be specified in words or figures with some mark or character designating the precise sum, cited

Lawrence v. Fast, 20 Ill. 338; Lane v. Bommelmann, 21 Ill. 143; Eppinger v. Kirby, 23 Ill. 521; Dukes v. Rowley, 24 Ill. 211; Bailey v. Doolittle, 24 Ill. 577; Avery v. Babcock, 35 Ill. 175; R. S. ch. 25, § 16.

Mr. S. A. FRENCH, for appellee; that the clerk's certificate is *prima facie* evidence of what it purports to show as to records of court and need not contain a complete transcript, cited Phillips v. Master, 85 Ill. 146; Lemuel v. Parisher, 72 Ill. 71; Mason v. Blair, 33 Ill. 149; Myers v. Schoneman, 90 Ill. 80.

Where the whole case shows substantial justice to have been done, the judgment will not be disturbed: Newkirk v. Cone, 18 Ill. 449; Dishon v. Schorr, 19 Ill. 59; Elam v. Badger, 23 Ill. 498; Montag v. Linn, 23 Ill. 551; N. E. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; Parker v. Fisher, 39 Ill. 164; Kendall v. Brown, 86 Ill. 387.

McALLISTER, J.   This action was brought in justice's court by Hill, the appellee here, against Peter and Piper, the appellants, upon an appeal bond, made by the latter to the former, in the penalty of two hundred dollars. The case was taken to the superior court, by appeal, and there tried before the court and a jury, resulting in a verdict and judgment for plaintiff for debt two hundred dollars, and damages one hundred and thirty-eight dollars and thirty-five cents, the debt to be discharged on the payment of the damages. The defendants bring the record here, and assign errors. The plaintiff gave the bond sued upon in evidence, and testimony tending to show a breach of it; also evidence tending to prove damages. As to the latter, the court permitted plaintiff, against the objections of the defendants, to introduce in evidence what purported to be a transcript of a fee-bill in the suit, described in the bond sued upon. It was comprised of some twelve items, footed up, and the result expressed thus: " 15.10, total." There was neither word, character or mark connected with, or prefixed to, either of the items or the total, to express what was intended by the figures used in the statement, or column of the items, or the footing up.

When the evidence for the plaintiff was all in, the defend-

ants offering none, the court gave to the jury the following instructions: "The jury are instructed that on the evidence before them, the plaintiff is entitled to a verdict in his favor in the following form: We, the jury, find for the plaintiff, and that the amount of the debt from the defendants to the plaintiff is two hundred dollars, and that the damages which the plaintiff has sustained, by the breach of the bond sued upon, amount to one hundred and thirty-eight dollars and thirty-five cents. The debt, as mentioned in this form of verdict, is only a matter of form, and the damages are the only thing to be in fact paid; when that is done, the whole judgment will be discharged."

The statute declares that " the court, in charging the jury, shall only instruct as to the law of the case." Cothran's Stat. 1880, p. 1,103, § 52. The above instruction is in violation of that provision, and is subversive of the right of trial by jury.

The case having originated in justice's court, every fact material to the cause of action was to be deemed in issue. The instruction was not correct. It is not true that the debt was only matter of form. It was matter of substance to be found by the jury: Frazier v. Laughlin, 1 Gilm. 347; Austin v. The People, 11 Ill. 452. It was misleading as to the effect of the payment of the damages; the court saying, that when that was done, the whole judgment would be discharged. That was too broad, since the jury might infer that such payment would discharge costs and all. But we should be disinclined to reverse, for the giving the instruction alone, if the plaintiff had shown himself entitled to recover the full amount of damages specified by the court. The evidence shows that he was not so entitled, without regarding the figures, " 15.10 total," as representing fifteen dollars and ten cents. The total of a fee-bill being made by statute a part of the judgment, it must be governed by the rules applicable to judgments. That the fee-bill in question lacked the requisite certainty, is settled by the case of Avery v. Babcock, 35 Ill. 175. It is not like that in Myers v. Showman, 90 Ill. 80, because there the footing had the dollar mark prefixed to

it. In the case at bar, that was wanting. The point was made, on the argument, that the certificate of the clerk was insufficient in form. We think that objection should have been specifically made in the court below. The objection was general. For the giving the instruction, the judgment will be reversed, and the case remanded.

Reversed and remanded.