Dunbar v. Gregg.

R. C. Dunbar and R. A. Hollingsworth

v.

Joseph Gregg.

*Commission Merchants—Loss of Goods by Act of God—Depositions.*

1.  If instructions to an agent are positive, and yet are incapable of being performed because of unforeseen conditions, the rule which requires an agent to obey all reasonable instructions, finds an exception which relieves him from responsibility for disability or deviation.

2.  Directions being in writing, it is the duty of the court to determine from an inspection thereof, what directions were given, and to instruct the jury upon the law as applicable to the written directions.

3.  It is the duty of commission merchants to take care of goods consigned to them, and to obey instructions concerning the sale thereof, but if, for any reason not tortious, a delay in selling does occur, they will not be liable for a loss arising from an act of God.

4.  An objection to testimony taken by deposition, that it is not the best evidence, comes too late if made at the trial.

[Opinion filed June 13, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WILLITS, ROBBINS & CASE, for appellants.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellee.

SHEPARD, J.   On September 10, 1888, a sudden and unprecedented flood occurred in the Savannah river, overflowing its banks and submerging the city of Augusta, Georgia, for two or three days and doing vast damage.

The appellants were commission merchants and warehousemen engaged in business there.   Their warehouse, situated about half a mile from the river and twenty-seven or twenty-eight feet above low water mark was inundated, and the corn in question in this suit was so wet and injured, that because thereof and of its subsequent treatment, it became substantially a total loss.   The corn so lost consisted of several carloads in sacks, which had been consigned to appellants for sale on commission by the appellee, who was a grain merchant doing business in Chicago.   As the corn was shipped, the appellee drew drafts against it, which were paid by appellants in accordance with the custom of the parties in their other dealings.

The particular lot of corn in question coming to appellants' possession and not meeting with ready sale, was, with the exception of one carload which arrived much later than the rest, transferred from the railroad cars to appellants' warehouse a month or more before the flood. An inconsiderable quantity of the corn was saved and sold, but most of it was hauled to the city commons and burned, and afterward the appellants brought this suit to recover a balance claimed to be due them for advances in paying the drafts mentioned, storage and other charges.

The defense of appellee was two-fold. That the loss of the corn must fall upon appellants, because they had neglected to sell the corn before the flood, as instructed to do; and because they had not exercised requisite diligence and effort after the flood to save the corn from the effects of its injury by the flood. It was not denied that the flood was so sudden and extraordinary as would ordinarily have exonerated appellants from liability for the loss.

Having decided that the cause must be sent back for another trial, we refrain from expression an opinion as to the weight of evidence concerning the directions, if any, given by appellee to appellant as to selling the corn. That evidence was contained exclusively in written documents, i. e., letters written by appellee, and it was the duty of the court to have determined from an inspection of them what, if any, the directions were, and to have instructed the jury upon the law as applicable to the written directions. 1 Thompson on Trials, Sec. 1064 *et seq.*, and cases cited; Riley v. Dickens, 19 Ill. 29.

The Superior Court has not construed those letters, and therefore for us to now construe them would be an exercise of original and not appellate jurisdiction. C. & N. W. Ry. Co. v. Tuite, 44 Ill. App. 535.

And even though the letters established the existence of positive instructions to sell and on what terms, it should have been made further to appear that the failure of appellants to obey instructions was something they could have reasonably avoided, or, in other words, that the corn could

have been sold, and for a price within the instructions. There was evidence in the case tending to show that the corn was of an inferior grade, and not adapted to the demands of the Augusta market while in appellants' possession.

If instructions to an agent are positive, and yet are incapable of being performed because of unforeseen conditions, the rule which requires an agent to obey all reasonable instructions finds an exception which relieves him from responsibility for disobedience, or deviation. Ewell's Evans on Agency, 293.

The directions, whatever they were, being in writing, it was erroneous to submit to the jury, as was done in appellee's fourth instruction, the question of whether the appellee instructed the appellants to sell the corn to the best advantage, irrespective of the condition of the market, or other circumstances.

The same instruction is bad for the further reason that it instructs the jury " if they believe from the evidence that the plaintiffs (appellants) disregarded or disobeyed such instructions, and that loss ensued by reason thereof, then * * * that such loss should be borne by the plaintiffs." This part of the instruction was erroneous in that it declared the law to be that appellants were responsible for the loss of the corn if lost by appellants' failure to obey instructions, whether such neglect was the proximate or only the remote cause of the loss.

It was the duty of appellants to take care of the corn consigned to them, and also to obey directions concerning the sale of it, but if, for any reason not tortious, a delay in selling it did occur, the appellants would not be liable for a loss arising from so remote and extraordinary an occurrence as the flood in question.

The loss by the flood was not a natural consequence of the failure to sell, and had no relation to the delay, except that it was contemporaneous. Lehman v. Pritchett, 84 Ala. 521, and cases cited. Appellee's second instruction is subject to the same objections.

The cases cited by appellee to sustain any opposite contention are cases where positive directions were given to the agent to do a thing in a particular way, and the occurring loss was the direct and proximate result of disobedience or deviation by the agent. We recognize the principle of holding the agent responsible in all such cases, but it is not applicable where, as here, the loss had no necessary or natural connection with the failure in obedience. In this case it was the flood that was the proximate cause of the loss, and the failure to obey instructions, if any positive ones were given, was the remote cause.

Appellee's third instruction is objectionable, though in a less degree, for the reason that it does not clearly distinguish between the loss by the flood and the other loss, if any, occasioned by the alleged failure to notify appellee.

Another error assigned is the exclusion by the court of certain portions of depositions offered in evidence on the part of appellants. One of appellee's contentions was that the corn, after having been wet, should have been dried so as to have made it marketable for distilling and some other uses, or sold for some price in its wet condition, and not taken to the commons and burned. To meet this contention appellants sought to show by the testimony of witnesses whose depositions were taken, that there was a great deal of other corn in the same condition in the city, and no market for it; that there was fear of yellow fever breaking out, and the health officers would not permit the corn to remain within the city limits, and it had to be hauled out of the city and burned by orders of the board of health. These were all proper subjects of consideration in determining whether the appellants had exercised reasonable diligence under the circumstances.

The objections to the portions of the depositions stricken out were taken on the trial, and in so far as they applied to the testimony because of its being secondary evidence, were made too late. An objection to testimony taken by deposition, that it is not the best evidence, comes too late if made at the trial, for had the objection been made in time, it could

have been overcome by sending for and producing the better evidence.

Those parts of the answers of the witness Edmonston, to the sixth interrogatory put to him, and of the witness Hopkins, to the tenth interrogatory put to him, relating to what was ordered by the board of health, were, therefore, improperly stricken out. For the same reason, and for the additional reason that, whether there was such a great quantity of corn in a like condition in the city as rendered the corn in question impossible of sale, was a fact tending to sustain the appellants' claim that they used all reasonable diligence concerning the injured grain. We think all those parts of the answers of the witness Hollingsworth, to the twenty-eighth and thirtieth interrogatories put to him, were improperly stricken out.

For the errors pointed out, the cause will be reversed and remanded.                    *Reversed and remanded.*