CHICAGO & NORTHWESTERN RAILWAY COMPANY

v.

CHRISTOPHER J. TUITE.

*Master and Servant—Railroad Company—Negligence of—Personal Injuries—Fellow-Servants—Law of Wisconsin—Expert Witnesses.*

1. Where the authoritatively published decisions of another State are in evidence in a given case, the question of what those decisions decide is one of law for the court, and not one of fact for the jury.

2. Our statute making the reports of decisions of the courts of other States competent to be "read as evidence of the decisions of such courts," does not contemplate the reading in evidence of anything but the decisions. A dissenting opinion is not a decision, and serves no valuable office in determining what the decision is.

3. A decision in a suit based upon an injury which occurred before the time of the occurrence of the injury in question is admissible as an authority, although rendered thereafter.

4. Where the written law of a foreign State is before the court, parol evidence as to its contents or its construction is ordinarily inadmissible.

5. It is proper for the judge to examine the decisions of the court of last resort of another State in order to ascertain what it has held upon a given point and to instruct the jury accordingly.

6. Where an action is brought in this State to recover for a personal injury suffered in another State, the law of the latter governs as to the rights of the litigants, and the former as to the remedy.

7. In this State the definition of the relation which makes the servants of the same master fellow-servants, is law for the court to declare; whether two servants come within the definition, is a fact for the jury to find.

8. The functions of court and jury and the rules of pleading and evidence, where a case is tried in a court of this State, are regulated by the law of this State.

[Opinion filed June 13, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. W. C. GOUDY, C. S. DARROW and A. W. PULVER, for appellant.

Messrs. BARNUM & BARNUM, for appellee.

SHEPARD, J.   The injury, to recover for which suit was brought by appellee against appellant, occurred in the State of Wisconsin.

Appellee was a locomotive fireman in the employ of appellant, and at the time of the accident was acting in that capacity on a locomotive drawing a special, or "wild" freight train northward from Chicago, and had reached the station of Shopiere, in Wisconsin.   The station agent at that point left a switch open, and the train, which was not intended to stop at that place, was turned onto the switch and wrecked, and the appellee most seriously injured.

It was conceded at the trial, and is so now, that the accident, happening in Wisconsin, the laws of that State then in force must determine appellee's right to recover; and that whether he could recover if the accident was caused by the negligence of the other trainmen, or the station agent, would depend upon what the law of Wisconsin was, at the date of the accident, concerning the right of a servant to recover from an employer for injuries received through the negligence of a fellow-servant, and also who, by that law, would fall within the definition of fellow-servants.

On the trial of the cause both parties introduced in evidence the oral testimony of qualified experts and the reported decisions of the Supreme Court of Wisconsin, for the purpose of proving what the law of that State was, as applied to the facts and circumstances of the case, at the time of the injury.   In the course of the examination of the expert witnesses, it was made to appear, either in chief

or on cross-examination, that each one of said witnesses based his testimony of what the law of Wisconsin was, upon his construction of what the Supreme Court of that State had decided in one or the other of the several cases contained in the reported decisions of that court as published and read in evidence, and such evidence was permitted to go to the jury, for them to determine therefrom in connection with the decisions themselves, as to what the law of Wisconsin was as applied to the facts in the case on trial. Unquestionably, as said in McDeed v. McDeed, 67 Ill. 545, "The common law of a foreign State may be proved by parol evidence. The usual course is to make such proof by the testimony of competent witnesses instructed in the law, under oath. As a general rule, the decisions of courts of justice are the evidence of what is common law."

But when it is shown by the witnesses themselves that the knowledge they are testifying to is derived from the identical reported decisions in evidence in the case, their construction of what the law is as announced by those decisions, becomes immaterial. The decisions themselves are the best evidence of what they contain.

As said by Chief Justice Marshall in Church v. Hubbart, 2 Cranch, 237 : "The principle that the best testimony shall be required which the nature of the thing admits of, or, in other words, that no testimony shall be received which presupposes better testimony attainable by the party who offers it, applies to foreign laws as it does to all other facts."

Although we may readily imagine cases of rare occurrence where, in aid of the court, extrinsic evidence by a properly qualified expert might be advantageous, or possibly required, we see no occasion in this instance to approve or tolerate such assistance.

In the notable case of Baron de Bode v. Regina, 10 Jur. 217 (8 Adolph. & Ellis N. S., and 55 Eng. Com. Law, 208, also cited in note 2, Sec. 487, Greenleaf on Evid.), decided by Lord Denman, where the witness, a learned French advocate, was permitted to testify to the contents of a general

decree of the French Assembly in 1789, without attempt having been previously made to obtain a copy of the law, Lord Denman justified the evidence, even though he said he apprehended the witness would not set forth generally his recollection of the contents of the instrument but his opinion as to the effect of the law. Even though such might be the ruling of the courts to-day under a like condition, we apprehend that where the better evidence—the written law itself—was before the court, parol evidence either as to its contents or its construction would be held inadmissible, except, possibly, in the instance of the laws of a country foreign in fact, as well as in law, to our own, and where, because of the dissimilarity of institutions and principles of government, our own judges might be presumed not to possess the requisite knowledge to construe such laws unaided by sworn interpretation of them as applied in the foreign jurisdiction, and even in such an instance, if the parol evidence was contradictory, our courts would look at the foreign law itself and give its own judgment on the point. Trimbey v. Vignier, 1 Bingham's New Cases (27 Eng. Com. Law), 158.

The decisions of the Supreme Court of Wisconsin are printed in the English language, and there is no such dissimilarity between the institutions and laws of Wisconsin and those of Illinois, as to render it especially difficult for a judge of either State to place the proper construction upon the decisions of the other.

The expert witnesses that were called by the appellee differed essentially in their testimony from the one called by appellant, as to what had been decided by the Supreme Court of Wisconsin to be the law at the time of the accident, and as to whether or not the decision in the Toner case (69 Wis. 188) had been in effect overruled.

Assuming that, with the decisions themselves already in evidence, such testimony was admissible and material, it clearly then became the privilege and duty of the circuit judge under the authority of Trimbey v. Vignier, *supra*, to examine the decisions in controversy and judge for himself, and quite as clearly his duty to instruct the jury accordingly,

C. & N. W. Ry. Co. v. Tuite.

and relieve them, by his own interpretation of the law, from the confusion such conflicting evidence must have created upon their untrained minds. As said in Hooper v. Moore, 40 N. C. 130: "Can it be questioned that the court is more competent to ascertain and understand such (foreign) laws than the jury, or that the jury stand as much in need of instruction in respect thereto as in respect to our own laws?"

We can see no reason for applying a different rule, where the best evidence of the law of Wisconsin was in evidence in the form of authoritatively published decisions of its Supreme Court, in a case on trial before a court in this State, from that which would have been applied by a trial court in that State. There the trial judge, taking judicial notice of the law of that State as decided by its Supreme Court, would have instructed the jury as to that law, and so, on a trial in this State, the trial judge, taking notice of that same law by virtue of its having been proven in the manner provided by our statutes (1 Starr & C. Ill. Stats., Chap. 51, Sec. 12), should have instructed the jury as to what the particular law was.

Entertaining these views, we are of opinion that the giving of plaintiff's second instruction, and modifying the defendant's tenth and eleventh instructions, thereby submitting to the jury the question of what the law of Wisconsin was at the time of the accident, as to whether plaintiff and the station agent were or were not fellow-servants, and whether, if fellow-servants, the defendant was or was not liable, was serious error, warranting a reversal of the cause.

We are aware that the authorities are not harmonious, but we hold the true rule, supported by the great weight of authority, to be, that where the authoritatively published decisions of another State are in evidence in the case, the question of what those decisions decide, is one of law for the court, and not one of fact for the jury. 1 Thompson on Trials, Sec. 1054, and cases cited; Story on Conflict of Laws, Sec. 638, and cases cited; 1 Greenleaf on Evidence, Sec. 486, and cases cited, and C. & N. W. Ry. Co. v. Johnson, 27 Ill. App. 351.

A further matter of bewilderment to the jury, and one that should have been kept from them, or controlled by instruction, was the admission in evidence by the court, over the objection of the appellant, of the dissenting opinion in the Toner case, *supra*.

Our statute making the reports of decisions of the courts of other States competent to be "read as evidence of the decisions of such courts," does not contemplate the reading in evidence of anything but the decisions. A dissenting opinion is not a decision, and serves no valuable office in determining what the decision is. It was improperly admitted in evidence.

Another error assigned is the exclusion by the court of the decision of the Supreme Court of Wisconsin in the case of Ewald v. C. & N. W. R. R. Co., 70 Wis. 423. The court seems to have excluded the decision referred to because the opinion was not handed down until in the January term (January 10), 1888, and the injury to appellee occurred on May 25, 1887. But the accident in the Ewald case, for which the suit was brought, occurred on February 5, 1886. The decision, therefore, was as to what the law was on February 5, 1886, which was before the accident to appellee, and it should have been admitted in evidence.

It is not the province of this court at this time, to decide what the law of Wisconsin was at the date of the injury to appellee. It will remain for the Circuit Court first to decide upon that question, and properly instruct the next jury before whom the case may come concerning it. For us to construe the Wisconsin decisions in advance of a construction of them by the Circuit Court, would be an exercise of original and not appellate jurisdiction.

The error especially urged in the refusal of the court to give appellant's second instruction, we think is not well founded. Aside from the question of law involved, upon which, at this time, for reasons stated, we express no opinion, it assumes as a fact what the duty of the station agent was, which was a question exclusively for the jury upon the evidence.

No error is pointed out in the refusal of any of appellant's other instructions, and we will not discuss them.

For the reasons stated the cause will be reversed and remanded.

*Reversed and remanded.*

Gary, J. While concurring in all that Judge Shepard has written, there is a feature of the case that he has not touched, upon which I wish to add something, which, I am authorized to say, is concurred in by both the presiding justice and Judge Shepard.

On behalf of the appellee, counsel, after a long hypothesis in accordance with his construction of the evidence as to the respective duties of the appellee and the station agent, concluded his questions to the Wisconsin lawyers, with the inquiry whether the appellee and the station agent were fellow-servants under the law of Wisconsin, and whether, under that law, the appellee was prevented from having a cause of action, by reason that they were fellow-servants, which questions those witnesses answered in the negative.

Now, while the law of Wisconsin governs the rights of the litigants, the law of Illinois governs as to the remedy. The functions of court and jury, and the rules of pleading and evidence, when a case is tried in a court of this State, are regulated by the law of this State. This has been often decided by the Supreme Court, from Chenot v. Lefevre, 3 Gilm. 637, to Mineral Point R. R. v. Barron, 83 Ill. 365; with more elaboration in Sherman v. Gassett, 4 Gilm. 521, than in any other case.

In this State, the definition of the relation which makes two servants of the same master fellow-servants, is law for the court to declare; whether two servants come within the definition, is fact for the jury to find. C. & N. W. Ry. Co. v. Moranda, 108 Ill. 576. But whether for the court or jury, the testimony of the witnesses as to the application of the law of Wisconsin to the case on trial, was incompetent. The law of Wisconsin knows nothing of the parties to this suit. It is abstract. The witnesses testifying to that law, were not experts to apply the law to the facts of any case.

If the better evidence had not come in, it would have been the duty of the court to have told the jury that, if from the evidence they found that the law of Wisconsin as to fellow-servants was so and so, then it was for them to say upon the evidence whether the appellee and the station agent were, under that so and so, fellow-servants or not; but the better evidence being in, then, as Judge Shepard has shown, the jury should have taken the law of Wisconsin, as a jury should take the law of Illinois, from the court.

In no possible phase of the case was it competent for the witnesses to testify directly, or by necessary implication, that the appellee was entitled to recover.

[ *Upon petition for rehearing, opinion filed October 11, 1892.*]

WATERMAN, J. Upon consideration of the matters urged in a petition for rehearing, I find myself unable to assent to all that is said in the opinion heretofore filed.

Upon the trial the court, by instructions given, left it to the jury to decide whether the plaintiff and one Stark were, under the law of Wisconsin at the time of the injury, fellow-servants; this is said to have been error, it being contended that the court should have told the jury what the law of Wisconsin in respect to fellow-servants was, and then left it to them to say whether the law of Wisconsin being so and so the plaintiff could recover. That the existence of an alleged foreign law is a question of fact to be proved, is well established. Wharton on Evidence, Second Ed., Sec. 30; Story on Conflict of Laws, Eighth Ed., 637; Kline v. Baker, 99 Mass. 253.

Whenever the jury are instructed in accordance with the practice at common law, it may be said to be the settled rule that where the foreign law consists of a single written statute, the question of its construction is for the court alone. Ely v. James, 123 Mass. 26; Kline v. Baker, 99 Mass. 253; Thompson on Trials, Sec. 1054. The reason for this is obvious. In construing a written statute of a foreign State the court only does what it is accustomed to do with other

written documents. The existence, authenticity, of stat-
utes and writings is for the jury; their construction, *i. e.*,
legal effect, for the court.

In construing a foreign statute the court applies its gen-
eral knowledge of the law, as, if the law be one of a sister
State, the presumption is that the common law prevails there;
in the case of a statute of a foreign country, that the general
principles of law exist there; as that damages are recover-
able for breach of contract, for injuries caused by fraud, or
by assault and battery. Whitford v. Panama A. Co., 23 N.
Y. 465; Langdon v. Young, 33 Vt. 136.

The distinction between the evidence of foreign law
afforded by a written statute and reported decisions, is obvi-
ous. The statute is a law itself; the decisions are but evi-
dence of what the law is. Strictly speaking, the common
law is unwritten law, concerning which there exists a vast
deal of written evidence.

As to the decisions of our own State it can not with entire
truth be said that even in Illinois they are the law itself;
they are the law of the cases in which they were written.
Courts construe statutes; they never alter them; but courts
do, upon more mature consideration, change their opinions
and enunciations as to what the law is. As is said in Swift
v. Tyson, 16 Peters, 1: " In the ordinary use of language it
will hardly be contended that the decisions of courts consti-
tute laws. They are at most only evidence of what the laws
are, and are not of themselves laws. They are often re-
examined, reversed and qualified by the courts themselves
whenever they are found to be either defective, or ill-
founded, or otherwise incorrect." Even a series of decis-
ions are not conclusive evidence of what is law. 1 Kent's
Com., 477; Hulton v. Upfill, 2 House of Lords Cases, 674;
Paul v. Davis, 100 Ind. 22.

Although the thing to be proven is the existence of a
foreign law, yet when proven, it is still a fact, to be treated
as other similar facts are treated. However completely the
existence of the foreign law may be established, still it
never occupies in the trial the position held by the laws of

our own State. The court is presumed to know the laws of the State in which it sits; no proof of them is required or permitted; it does not take judicial notice of the laws of Wisconsin; they must be made known to it by proof. Bearing this distinction in mind, it seems clear that in this State the question of the existence of a foreign law must be submitted and left to the jury.

By stipulation of the parties, the defendant in this case was permitted to make, under the plea of the general issue, any defense which could have been made if specially pleaded. The defendant might have set forth the facts and circumstances attending the accident, and the law of Wisconsin, showing that under such law there was no liability. The plaintiff might then have replied, denying that the law of Wisconsin was as alleged by the defendant.

The sole issue under such pleading would have been as to the truth of the defendant's statement of the law of Wisconsin. This would have been an issue of fact as to which, whatever may be the rule at the common law, in this State, is for the jury to determine. In the case at bar the question before the tribunal was, what is the unwritten law of the foreign State? Not, what have the courts of that State decided, or what construction is to be put upon such decisions? The evidence as to the foreign law consisted not only of reported decisions but also of the testimony of experts; for the court, then, to have instructed the jury as to what the law of the foreign State was, would have been for it to determine which of two species of evidence of equal grade should control; it would have assumed to pass upon the weight of the evidence and have deprived the jury of the right to determine to what portion of the evidence they would give the greater credence. In Toledo, Wabash & P. Ry. Co. v. Brooks, 81 Ill. 245, it is said that it is proper in the case of records, writings or other evidence which is in its nature conclusive, or can not be contradicted, to instruct the jury to find for a party upon such evidence.

Evidence as to the common law of a foreign State, a part of which evidence is the conflicting testimony of lawyers,

and a part consists of the reported decisions of the Supreme Court of such State, is not within this rule. As before stated, the reported decisions of the court of last resort of a foreign State are not the law itself; they are merely, under our statute, evidence of what the decisions are. As to what the decisions introduced in this case establish, there is not entire agreement. The courts of the State of Wisconsin sitting in that State are presumed to know its laws; but the judges of those courts, when testifying in the courts of Illinois, are not presumed to know the law of Wisconsin. The testimony of one or all of them given in this State would not give legal certitude or legally establish beyond controversy what the law of Wisconsin is. Even under such circumstances a party would be entitled to call other lawyers of that State, or to show, by a production of the reported decisions of its courts, that those judges were mistaken; and the question as to what the law of Wisconsin is, would still remain a question of fact for the jury. Nor was the case altered by the fact that the experts testified that their opinions were, as they thought, in accordance with the decisions introduced in evidence.

It was for the jury to determine the question of fact, viz., what is the law of Wisconsin; not for the court to say: "The experts are mistaken. I have read the opinions to which they refer, and, not agreeing with them, I instruct you to disregard their testimony as I find the law to be as follows."

It is doubtless true that the court was as capable of reading the decisions and interpreting them as the experts, and much more capable than the jury of arriving at a correct conclusion as to the foreign law. This is equally true as to many matters submitted to juries; nevertheless the rule remains that questions of fact are for the jury. The question presented to this court is not, what in respect to evidence of the law of a sister State the practice ought to be, but what the law of this State is. At common law the judge summed up the evidence and made such comments as he deemed necessary upon its weight and bearing; and he

might express to the jury his own opinion in regard to the weight of evidence. All this has been changed by our statute, which declares the court, in charging the jury, shall only instruct as to the law of the case. Sec. 52, Chap. 110, R. S.

The court in this State has no right to even hint at what its opinion, as to the weight of the evidence, is. The jury are deprived of the benefit of the experience of the trial judge, in the sifting of evidence. They are not permitted to have the benefit of his observation of men and things. Chambers v. The People, 105 Ill. 409; Bradley v. Coolbaugh, 91 Ill. 148; Olsen v. Upsahl, 69 Ill. 273; Elston & W. G. Road Co. v. The People, 96 Ill. 584; Coon v. The People, 99 Ill. 368; Chicago & N. W. Ry. Co. v. Moranda, 108 Ill. 576; Village of Fairbury v. Rogers, 98 Ill. 554; Peter v. Hill, 13 Ill. App. 36.

At common law the judge would have told the jury what, in his opinion, the decisions and the testimony established as to the law of Wisconsin, and there is little doubt but that the jury would have been guided by his opinion as to the weight of the evidence upon that question. Under our system, the question being one of fact, remaining, notwithstanding all the evidence, one of fact, the court is, by the statute of this State, forbidden to intimate what his opinion is upon this, a question concerning which he must be more competent to pass than a jury can be. If the finding of the jury upon this question of fact is opposed to what the court regards as the clear weight of the evidence, the court may set aside the verdict.

I am also of the opinion that without regard to the statute of this State, depriving the judge of the right to instruct the jury as to questions of fact, the preponderance of authority is, that where the foreign law is unwritten, the evidence of it, consisting of reported decisions and of the testimony of experts—the question as to what it is—is one that must be submitted to the jury and can not be taken from them by the court. Wharton on Evidence, Sec. 303, notes 1 and 3; Brackett v. Norton, 4 Conn. 517; Moore v. Ewynn, Iredell, 187; Holman v. King, 7 Met. 484; Dyer v.

Smith, 12 Conn. 385; Hall v. New Jersey Co., 15 Conn. 549; State v. Jackson, 2 Dev. (N. C.) 563; The Sussex Peerage, 11 Clark & Finnelly, 114–117; De Sobry v. De Laistre, 2 Han. & Johnson, 191–229.

What has been urged in the petition for rehearing has not shaken my conviction that the plaintiff should not have been permitted, upon his examination in chief of the experts called by him, to ask them, in substance, if the plaintiff and station agent of the defendant were, under the law of Wisconsin, fellow-servants. That was much more than asking the expert to state what the law of Wisconsin is.

As to the impropriety of this examination the court is agreed; as to the duty of the trial court in instructing the jury upon the foreign law, Justices Gary and Shepard adhere to the views expressed in the opinion written by Judge Shepard; the petition for a rehearing is therefore denied.

*Petition denied.*