### George C. Kimel v. Chicago, Burlington & Quincy R. R. Co.

1. FELLOW-SERVANTS—*Who Are—A Question of Fact.*—Whether a yardmaster, inspectors or other men in the employ of a railroad company are fellow-servants with another person in the same employ, is a question for a jury.

2. SAME—*Province of the Court to Define What Is.*—It is within the province of the court to define to the jury what constitutes the relation of fellow-servants, but not to determine the fact.

3. NEGLIGENCE—*What Acts Are—Questions for the Jury.*—A railroad company can not legally conduct its business in negligent disregard of the safety of its employes. It is a question of fact whether a certain defect in a car was known to it or might have been known by the exercise of reasonable diligence in inspecting the car, and if so, whether what was done was a negligent handling or managing of the car in its defective condition.

**Memorandum.**—Action for personal injuries. In the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict for the de-

fendant by instruction of the court; error by plaintiff.  Heard in this court at the October term, 1894.  Reversed and remanded.  Opinion filed October 15, 1894.

BRIEF FOR PLAINTIFF IN ERROR, KING & GROSS, ATTORNEYS; ANDREW J. HIRSCHL, OF COUNSEL.

A railroad company is bound to furnish a safe road, and sufficient and safe machinery and cars, and whoever sees or should see to this, is a representative of the company. C. & N. W. R. R. v. Swett, 45 Ill. 197.  And this includes the obligation to keep in repair.  I. C. R. R. Co. v. Welch, 52 Ill. 183.  This duty can not be delegated.  Libby v. Sherman, 146 Ill. 540.

A brakeman who has been but two months on the road is not presumed to know the defects.  Illinois C. R. R. Co. v. Welch, 52 Ill. 183.

The question of fellow-servant, *vel non*, should be left to the jury, and where the courts have seen fit to give expression to their views as matters of law they have held that in the following relations the parties concerned were not fellow-servants:

Yard boss and brakeman.  Daniel v. C. & O. R. R. (W. Va.) 15 S. E. Rep. 162.  Inspector and baggageman.  Dewey v. Detroit (Mich.), 52 N. W. Rep. 942; U. P. R. R. Co. v. Snyder, 14 U. S. S. C. R. 756.  Engineer and car inspector. C. & A. R. R. v. Hoyt, 122 Ill. 369.  Foreman at lumber pile and man under him.  C. & A. R. R. v. May, 108 Ill. 288.  Repairer and fireman.  C. & N. W. R. R. Co. v. Swett, 45 Ill. 197.  Car switchers and car loaders.  Wenona v. Holmquist, 51 Ill. App. 507.

CHESTER M. DAWES and FRANK O. LOWDEN, attorneys for the defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Upon the trial of this cause which was an action in case for a personal injury received by the plaintiff who was an employe of the defendant, the court at the conclusion of

the plaintiff's case sustained defendant's motion to exclude the evidence, and instructed the jury to find a verdict for the defendant, which was done and a judgment entered accordingly.

The evidence tended to show, and counsel substantially agree, that the car yards of the defendant known as the Hawthorne Yards, in, or adjacent to Chicago, are divided into two divisions known as yard "A" at the western extremity and yard "B" at the eastern extremity, both of which yards are composed of a large number of tracks, and that the two divisions "A" and "B" are connected by a narrow neck where is situated a switch called the "Diamond," a point where all the tracks from either direction come together. Trains that come in from the road first enter yard "A" where car inspectors are stationed to inspect the cars. If found to be out of repair the cars are either repaired in yard "A," or sent to the shops as the nature of the case requires. A car marker in yard "A" also indicates by marks on the cars their proper distribution upon tracks in yard "B." The inspection and order of distribution being determined, such cars as are not to be repaired, are marked for appropriate distribution and are started upon what are known as "gravity tracks" inclining downward through the "Diamond" in the direction of and into yard "B," where they are distributed upon the respective tracks for which they have been designated by the car marker. Cars intended for yard "B" are started on their downward course by a locomotive in yard "A."

The downward inclination of the "gravity tracks" is slight, but is enough so that when cars are properly started eastward or downward they will retain this momentum sufficiently to carry them into their designated position in yard "B."

Engaged in the work of distributing cars there were men and a locomotive in yard "A," and a crew of catchers and couplers at the "Diamond" and in yard "B."

Catchers were men who were stationed at the "Diamond" and had among some other duties that of turning switches,

and of mounting the moving cars as they came down the gravity track when they did not come too swiftly, and riding them in and braking them upon the tracks for which they were destined.

The plaintiff was a coupler stationed in yard "B," and his duty was to couple together such cars as were switched upon the same track, from the gravity track, and in that way make up trains.

While he was standing between a stationary car and a slowly approaching one for the purpose of coupling them together, another car came rapidly down upon the same track and struck with much force against the car which plaintiff was in the act of coupling to the stationary car, and his hand became crushed.

The car which was the occasion of the injury came down one of the gravity tracks in the usual manner, and when it reached the "Diamond," it was boarded by one of the catchers, who, after climbing up on the car, found the brake was out of order, the chain to the brake being absent, and he then climbed down and jumped off, leaving the car to proceed by its own momentum until it struck against the car which plaintiff was about to couple to the stationary one.

Under such circumstances, we think, it was error to instruct the jury to find for the defendant.

Whether the yardmaster, inspectors and other men who worked in yard "A," and operated the locomotive in that yard were fellow-servants with the plaintiff, was a question of fact for the jury to find.

It was within the province of the court to define to the jury what constitutes the relation of fellow-servants, but not to determine the fact. C. & N. W. Ry. Co. v. Tuitte, 44 Ill. App. 535; C. & N. W. Ry. Co. v. Moranda, 108 Ill. 576; Rolling Mill Co. v. Johnson, 114 Ill. 57.

There is also a rule of law that a railroad company may not conduct its business in negligent disregard of the safety of its employes, and it was a question of fact whether the absence of the brake chain was known to the company, or

might have been known, by the exercise of reasonable dili-
gence in inspecting the car, and if known, or might have
been known, whether what was done was a negligent hand-
ling or managing of the car in its defective condition; and
it was also a question of fact for the jury whether the
plaintiff was in the exercise of requisite care on his part.

What the verdict of a jury should be upon the state of
facts shown, we purposely intimate no opinion concerning.
We only decide that under the pleadings the case as made
by the plaintiff was one that ought to have gone to the jury.
Reversed and remanded.