*Northern District*

No. 5155

**JOSEPH J. PIAZZA**
**d-b-a NORTHEASTERN CONSTRUCTION CO.**
**v.**
**RAILWAY EXPRESS AGENCY, INC.**

(December 6, 1957)

*Present*: BROOKS, J. (PRESIDING) AND NORTHRUP, J.

Case tried to RUSSELL, SP. J., in the District Court of Newton. No. 10634 of 1957.

*Brooks, J.* This is an action of contract or tort for the loss of goods shipped by plaintiff via defendant carrier to Algonac, Michigan. Defendant's answer is general denial.

The report states, "The facts in evidence are set forth in the court's findings of fact and in the court's ruling on defendant's motion for a new trial."

At the trial the defendant made the following Requests for Rulings:

1. The burden is upon the plaintiff to establish that the plaintiff's shipment was damaged, and articles lost or removed therefrom while the shipment was in the defendant's possession as a common carrier.

2. In the absence of evidence that the plaintiff's shipment was in a damaged condition or that articles had been removed therefrom at the time the shipment was delivered by the defendant to the Cris-Craft Corporation to Algonac, Michigan, the plaintiff is not entitled to recover.

3. In the absence of evidence as to whether the damage and loss occurred while the shipment was in the possession of the defendant or between the time when the shipment was delivered to the Cris-Craft Corporation and the time when the plaintiff discovered the damage or loss, there can be no inference that the defendant is responsible for the alleged damage or loss.

The court made the following Findings of Fact and Rulings of Law:

"Joseph J. Piazza, the plaintiff, on May 18, 1956, delivered to the defendant, Railway Express Agency, Inc., in Framingham, Massachusetts, two cartons containing various articles. The shipment was consigned to Joseph J. Piazza, Cris-Craft Corp., Algonac, Michigan. The shipper's prepaid receipt was offered in evidence, and marked 'Exhibit 1'.

"At the time the Railway Express Agency accepted

this shipment, both of the cartons were properly packed for shipment.

"Both of the cartons had the following written thereon in black crayon:

Cris-Craft Corp'n.

Joseph J. Piazza

(To be placed Aboard 'Lady Lucille'

Algonac, Michigan)

"The plaintiff reached Algonac, Michigan at about 4:30 p.m. on the afternoon of May 26, 1956. He went directly to his yacht, 'Lady Lucille', which was tied up at the pier. He looked all over the yacht for the two cartons, but did not find them. A short time thereafter, the two cartons were located in a shed some distance from the place where the yacht, 'Lady Lucille' was tied up.

"One of the cartons was in the same condition that it was when it left Framingham. The other carton was badly damaged, and some of the clothing in the carton was hanging out, and a sizeable hole was visible. Both of these cartons were taken down to the dock where the 'Lady Lucille' was tied up. The carton which was in good condition, was placed about the yacht 'Lady Lucille', and all of the articles in the other carton were taken therefrom, and placed aboard the yacht, 'Lady Lucille'.

"The following articles which were in one of the cartons when it left Framingham, were missing: 1 pair Baush & Lombe Binoculars, 1 Chart Case and Charts, 2 Blankets, 1 Box Navigation Instruments and Drafting set, 1 First Aid Kit, 1 Pair Black Kid Leather Gloves.

"These articles were worth $362.50.

"All of these articles were in the carton which was properly packed and in good condition when it left Framingham, but which were not in the carton which was damaged when the plaintiff unpacked it on the dock near the 'Lady Lucille'.

"The plaintiff informed the local manager in Framingham of the loss of these articles on June 4, 1956, and thereafter, the plaintiff's attorney notified the defendant by letter dated July 2, 1956, and also sent Loss and Damage Claim to the defendant, on or about July 2, 1956.

"I find as a fact that the articles disappeared or were removed from the carton before it reached the Cris-Craft Corp. plant in Algonac, Michigan, and while the shipment was in the defendant's possession as a common carrier. No evidence was offered of any receipt having been signed by the plaintiff or anyone acting in his behalf.

"The defendant duly submitted Requests for Rulings of Law. The Court allows defendant's Requests numbered 1, 2 and 3. See Findings of Fact.

"In the above entitled action, the Court finds for the plaintiff and assesses damages in the sum of $362.50."

Defendant filed a motion for a new trial for the following reasons:

1.  The finding is against the law.

2.  The finding is against the rulings of law made by the Court in allowing defendant's requests.

3.  The finding is against the evidence.

4.  The finding is against the weight of the evidence.

Defendant filed the following Requests for Rulings at the hearing on the motion for a new trial.

1.  On motion for new trial the Court has power to correct any mistakes in his finding.

2.  On motion for new trial the Court has the power to revise his findings so that the same may be in accordance with the rules of law set forth in the defendant's Requests for Rulings made at the trial and allowed by the Court.

3.  Requests for Rulings made by the defendant at the trial

and allowed by the Court thereby became rules of law for the guidance of the Court, and failure to apply them to the evidence was error.

4. As there was no evidence that the plaintiff's shipment was damaged or any articles lost or removed therefrom while the shipment was in the defendant's possession as a common carrier, the Court erred in not applying to the evidence the first request for ruling made by the defendant at the trial and allowed by the Court.

5. The plaintiff's second request for ruling made at the trial was as follows:—

"In the absence of evidence that the plaintiff's shipment was in a damaged condition or that articles had been removed therefrom at the time the shipment was delivered by the defendant to the Cris-Craft Corporation at Algonac, Michigan, the plaintiff is not entitled to recover".

The Court erred in not applying this request to the evidence for it appeared that the defendant transported the shipment from Framingham, Massachusetts to Algonac, Michigan on May 18, 1956, while the time of delivery did not appear, it was found in the possession and on the premises of the Cris-Craft Corporation by the plaintiff on May 26, 1956 and therefore had been delivered by the defendant prior thereto. The Court erred in not applying the above request to the evidence.

6. The defendant's third request made at the trial was as follows:—

"In the absence of evidence as to whether the damage and loss occurred while the shipment was in the possession of the defendant or between the time when the shipment was delivered to the Cris-Craft Corporation and the time when the plaintiff discovered the damage or loss, there can be no inference that the defendant is responsible for the alleged damage or loss."

The Court erred in not applying this request to

the evidence as there was no evidence as to the time or place where the damage or loss occurred.

The Court ruled as follows on defendant's motion for a new trial.

"The defendant duly filed a motion for new trial which came on for hearing on June 11, 1957 and was argued by counsel, and the defendant duly submitted Requests for Rulings of Law on the Motion for New Trial. The Court incorporated by references, its Findings of Facts and action on Rulings of law heretofore filed by the defendant at the time of the trial.

"The Court further alleges that at the trial, there was evidence that the plaintiff's shipment was damaged or articles lost or removed therefrom while the shipment was in the defendant's possession as a common carrier, and before it was placed on the premises of the Cris-Craft Corp.

"The Court allows defendant's Request for Rulings of Law numbered 1 and 2. In connection with Request No. 3, the Court applied the Rulings of Law to the facts as found. If the Court had not applied such rulings of law, it would have been error. For this reason, the Court denies Request No. 3. The Court denies Request No. 4 for the reason that there was evidence that the articles were lost or removed from the plaintiff's shipment while in the defendant's possession as a common carrier, See Finding of Fact. The Court denies Request No. 5 for the reason that there was evidence that the plaintiff's shipment was in a damaged condition or that articles had been removed therefrom at the time the shipment was left on the premises of the Cris-Craft Corporation. The Court denies defendant's Request No. 6 for the reason that there was evidence that the loss occurred while the shipment was in the possession of the defendant. See Finding of Fact.

"The Court denies the defendant's motion for new trial."

Defendant contends that Requests for Rulings at the hearing on the motion for a new trial Nos. 3, 4, 5 and 6 should have been given and he is aggrieved by the court's denial of the same and is further aggrieved by the following paragraph in the judge's decision on the motion for a new trial:

"The court further alleges that at the trial there was evidence that the plaintiff's shipment was damaged or articles lost or removed therefrom while the shipment was in the defendant's possession as a common carrier and before it was placed on the premises of the Cris-Craft Corp."

The report stated that it contains all the evidence and facts material to the questions reported.

According to the Report, the evidence pertinent to the appeal is contained in the court's Findings of Fact and Rulings of Law. The court, among other matters, found as a fact that the articles disappeared or were removed from the carton before it reached the Cris-Craft Corp. plant in Algonac, Michigan. While the court does not specifically say so, it may reasonably be inferred from the above language that the damaged carton reached the Cris-Craft Corp. premises where, for reasons which do not appear, it was placed in a shed instead of on plaintiff's boat, "Lucille," as directed on the cartons. There is no evidence of any receipt for the delivery of the cartons being given by plaintiff or someone on his behalf. There is indeed no evidence that they were left in any person's custody.

It is generally considered that the trial judge's statement in a report that his Findings of Fact shall be considered part of the evidence permits such facts to be considered for the purpose of establishing whether or not there is evidence to support a finding. In the absence of such a statement, the court's findings must have some factual basis in the report itself.

If there is no evidence to support the finding, it is erroneous as a matter of law.

Here the report states that the facts are set forth in the judge's Findings. Apart from that no other evidence is given. The judge finds for example that the loss occurred before the cartons reached the Cris-Craft Corp. in Algonac and while they were still in the possession of defendant. Defendant insists that there was no evidence to support the finding.

Assuming that the judge's statement that "the facts are set forth in the court's findings" is equivalent to a statement that the findings of fact shall be considered part of the evidence, the report, from defendant's standpoint, does not conform to the evidence. Defendant, under these circumstances, should have filed a petition to establish the report.

Assuming, on the other hand, that the two statements are not equivalent so that the judge's finding that the loss occurred while the shipment was in the possession of defendant is without evidence to support it and therefore erroneous as a matter of law, still the defendant is in difficulties.

The liability of a common carrier, generally speaking, is to deliver goods entrusted to it by a consignor to the consignee or its representative undamaged. *Packard v. Earle*, 113 Mass. 280; *Rice v. Hart*, 118 Mass. 201, 204; *Rice v. B & M RR.*, 308 Mass. 101. Carriers §185.

It is not enough to dump the articles on the premises of the consignee and leave them unprotected. The fact that these cartons were found in a shed and that no one appears to have receipted for them suggests that that is precisely what happened here with the result that one carton was rifled after control had been relinquished by defendant under circumstances strongly suggesting negligence on its part. There is no receipt in evidence and there is

no evidence that the shipment was turned over to any individual.

The shipper's prepaid receipt, Exhibit 1, specified that the cartons should go to Joseph J. Piazza, address Cris-Craft Corp., Algonac, Michigan. There was written on the cartons in black crayon "Cris-Craft Corp., Joseph J. Piazza, to be placed aboard Lady Lucille, Algonac, Michigan." Clearly the carrier did not carry out the direction. There is no explanation why it did not carry out the directions. It cannot explain the loss. Consequently it is liable to the shipper for such loss.

It is not necessary to deal with the somewhat confusing situation presented by the motion for a new trial and the several requests for rulings.

Report dismissed.

Sullivan & St. Andre, for the plaintiff.

Austin N. Pinkham, for the defendant.