## THE VILLAGE OF FAIRBURY

### *v.*

## CHARLOTTE C. ROGERS.

*Filed at Ottawa May 14, 1881.*

1. EVIDENCE—*opinion of witness.* The opinion of a witness that a sidewalk across a ditch was reasonably safe for ordinary travel and use, when he is not shown to be an expert, is not admissible in evidence in an action against a city to recover for personal injuries received on account of an alleged defect in such sidewalk.

2. INSTRUCTIONS—*when no error, to refuse a proper one.* The refusing of unobjectionable instructions will be no ground of reversal where those given for the party contain a plain statement of every rule of law in those refused.

3. SAME—*must be confined to legal questions.* The circuit court, in charging a jury, is confined to questions of law. It is not proper that expressions of this court that certain circumstances show or constitute a culpable want of care, should be embodied in an instruction. They relate to a question of fact which is to be submitted to the unbiased opinion of a jury.

4. NEGLIGENCE—*defect in street, etc.* It will not do to say that no defect in a street or sidewalk can be the ground of liability in a village or city, except "such as can not be readily detected."

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court

of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.

This was an action on the case, by Charlotte C. Rogers against the village of Fairbury, to recover damages for a personal injury sustained from a fall from the sidewalk over a ditch or drain.

The negligence on the part of the city, as claimed, was the maintaining of a crossing of the ditch of so narrow a width as to be dangerous, from which plaintiff fell, in the night time, in February, 1877, using due care at the time.   The ditch was about six feet wide and four feet deep.   The plaintiff claims to have received severe injury by the fall into this ditch.

On the trial, defendant called as a witness the street commissioner of the village, and asked him whether, in his judgment, the crossing, at the time of the accident, was reasonably safe for ordinary travel and use.  On objection, the court refused to allow the question.

There was an instruction numbered 14, asked by the defendant, and refused by the court, and exceptions taken. That instruction is as follows:

" The court instructs the jury, that a municipal corporation is not liable for every mere accident that may occur, and is not bound to respond in damages for every injury that may be received on the public streets or sidewalks within its limits.   The obstructions or defects in the streets or sidewalks of a city or incorporated town, to make the corporation liable, must be of such a nature that they are, in themselves, dangerous, or such that a person exercising ordinary prudence can not avoid danger or injury in passing them,— in general, such defects as can not be readily detected."

The trial resulted in a verdict and judgment in favor of the plaintiff for $1500, which was affirmed by the Appellate Court for the Second District.

Mr. R. T. PERRY, and Mr. S. S. LAWRENCE, for the appellant, made, among others, the following points of law:

It was competent to prove by the street commissioner, who was familiar with the ditch and crossing, that the crossing, at the time of the accident, was, in his judgment, reasonably safe for ordinary travel and use. *City of Chicago* v. *Bixby*, 84 Ill. 83; *Village of Fairbury* v. *Rogers*, 2 Bradw. 99; *Baird* v. *Daily*, 68 N. Y. 548; *Moore* v. *Westervelt*, 27 id. 234; *City of Chicago* v. *Lavelle*, 83 Ill. 483; *City of Quincy* v. *Barker*, 81 id. 301.

Counsel also argued, at some length, that there was error in the giving and refusing of instructions, and that the plaintiff's negligence was such as to prevent a recovery.

Mr. L. E. PAYSON, for the appellee, after stating the facts, discussed at length the liability of the village for negligence, and other questions not passed upon in the opinion.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This is an action by appellee against appellant, in which judgment was rendered for plaintiff for damages, as compensation for injuries received by falling from a crossing or bridge in the sidewalk, constructed across a ditch. On appeal, the judgment was affirmed by the Appellate Court.

Three grounds are urged for the reversal of this judgment:

*First*—That the evidence does not support the verdict.

*Second*—The circuit court excluded competent evidence offered in behalf of defendant.

*Third*—That the court erred in relation to the instructions given and refused.

The first question is a question of fact, upon which the judgment of the Appellate Court is conclusive.

The offered evidence, which the court excluded, related to opinions of persons not shown to be experts, and was properly rejected.

We see no material objection to the instructions given. And while some of the instructions which were refused might not improperly have been given, still, upon a careful examination, we find in the instructions given a plain statement of every rule of law contained in the unobjectionable instructions which were refused.

This last remark applies to the refused instructions numbered ·9, 11 and 13. As to the refused instructions numbered 10 and 12, they relate to questions of fact, and not questions of law. From about 1837 until 1877, the Supreme Court of this State was required, by statute, to pass upon questions of fact as well as of law in reviewing the decisions of circuit courts in refusing to grant new trials. In many opinions, in actions for negligence, are to be found comments and remarks expressive of the judgment of this court upon questions of fact. It seems to be thought every expression of opinion of that kind constitutes a rule of law, which, when desired, counsel have the right to have given to the jury as such. This is a mistake. The circuit court, in charging a jury, is confined to questions of law. It is not proper that expressions of opinion by this court that certain circumstances show or constitute a culpable want of care, should be given to the jury in an instruction. However sound such opinions may be, they relate alone to a question of fact, which, in the first place, by our law, must be submitted to the unbiased opinion of the jury.

Instruction numbered 14 was properly refused. It will not do to say that no defect in a street can be the ground of liability in a village or city, except "such as can not be readily detected."

We find no sufficient ground to disturb the judgment in this case, and it is therefore affirmed.

*Judgment affirmed.*