# Chicago and Northwestern Railway Company

*v.*

## Fredericke Moranda, Admx.

*Filed at Ottawa January 23, 1884.*

1. Fellow-servants—*who to be so regarded, within the rule respondeat superior.* To constitute servants of the same master "fellow-servants," within the rule *respondeat superior*, it is not enough that they are engaged in doing parts of the same work, or in the promotion of the same enterprise carried on by the master, not requiring coöperation, or bringing them together, or in such relations as that they may have an influence upon each other, but it is essential that at the time it is claimed such relation exists, they shall be directly coöperating with each other in the particular business in hand, or that their usual duties shall bring them into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution.

2. Same—*former decision.* In the case of *Chicago and Northwestern Ry. Co.* v. *Moranda,* 93 Ill. 302, it was not intended to be decided as a matter of law that a section foreman of a gang of track repairers, and the engineer or fireman on an engine drawing a train, all employees of the defendant, were not directly coöperating with each other in their respective labors, and that their usual duties did not bring them into habitual consociation, so that they might exercise an influence upon each other promotive of proper care, but this was merely assumed as a hypothesis, for the purpose of eliminating from previous decisions the proper rule of law.

3. Instruction—*should intimate no opinion on the facts.* It is essential not only that the rules of law shall be given to the jury with substantial accuracy, but also that the jury be left perfectly free to form and declare, from the evidence, their opinion upon the questions of fact. It is not admissible for the court to express any opinion to the jury on questions of fact, even though in conformity to the previously expressed opinion of this court, upon reviewing a question of fact.

4. LAW AND FACT—*as to who are fellow-servants—as a question of fact.* In a suit against a railway corporation to recover for negligence resulting in the death of a section foreman having charge and oversight of repairs upon a certain part of the road track, it is error to instruct the jury that such foreman is not engaged in the same line of duty with an engineer and fireman running with the defendant's locomotive engines, and therefore not within the rule which exempts the common employer from liability to one of its employees for damages resulting from the fault, etc., of a fellow-servant. Whether such persons were so operating and consociating is a question of fact for the jury, and not of law.

5. EVIDENCE—*expert testimony—opinions of witnesses.* In an action to recover for an injury received from the falling or throwing of a piece of coal or slate from a passing locomotive upon a railroad, it is error to allow a witness to be asked and to testify what he considers a safe distance to retire from the track when the train is passing. Whether the line of danger from a passing train is at one distance rather than another, depends upon facts, and not opinions. This does not fall within the rule as to expert testimony, and the allowance of such opinions to be given is to usurp the functions of the jury.

6. SAME—*as tending, or not tending, to contradict other testimony.* In a suit to recover for an injury of the plaintiff's intestate, received from a passing train while he was engaged in repairing the track, the defendant, a railway company, called as a witness one occupying the position of road master of a part of the road at the time of the injury, who testified that he had given the intestate instructions a number of times about getting out of the way of trains, etc. Plaintiff, in rebuttal, called several of the other men who worked with the deceased, and proved by them, severally, that the road master gave them no such instructions: *Held,* that the latter evidence was improper, as not tending to contradict the road master, he having testified only as to instructions given to the person who was injured.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOSEPH M. BAILEY, Judge, presiding.

This is the second time this case has come before this court. It was first before it at its September term, 1879, and a judgment was then rendered reversing that of the circuit court, and remanding the cause for a new trial. The second trial in the circuit court resulted, as the first, in a judgment for the plaintiff. That judgment was affirmed by the Appellate Court for the Second District, and this record

is brought here by appeal from that judgment. The action is case, under the statute, to recover damages because of the negligence of appellant, resulting in the death of appellee's intestate.

The material facts are: John Moranda, (appellee's intestate,) while standing by the side of the track of appellant, some five or six feet from the rail, was struck by a heavy piece of coal or slate thrown or falling from the engine or tender of a rapidly passing passenger train of appellant. He was, at the time, foreman of a section gang of track repairers in the employ of appellant, whose duties were to keep in repair a section of appellant's track. Appellee claims, and introduced evidence to sustain the claim, that the piece of coal or slate was thrown from the engine or tender by the fireman. The errors assigned question the rulings of the Appellate Court in affirming the judgment of the circuit court.

Mr. B. C. Cook, for the appellant, made the following, among various points, to which are annexed the authorities cited and commented on:

Whether a section foreman, having charge of repairs in the track, is, or is not, engaged in the same line of duty with an engineer and fireman, and hence fellow-servants, is a question of fact, and the court erred in instructing that they were not such. *Illinois Central R. R. Co.* v. *Cox*, 21 Ill. 20; *Chicago and Alton R. R. Co.* v. *Keefe*, 47 id. 108; *Murphy's case*, 53 id. 336; *Railway Co.* v. *Britz*, 72 id. 256; *Valtez's case*, 85 id. 500; *Chicago and Alton R. R. Co.* v. *Shannon*, 43 id. 338; *Chicago and Northwestern Ry. Co.* v. *Swett*, 45 id. 197; *Honner* v. *Illinois Central R. R. Co.* 15 id. 550; *Schooner "Norway"* v. *Jensen*, 52 id. 373; *Illinois Central R. R. Co.* v. *Welch*, 52 id. 183; *Chicago and Northwestern Ry. Co.* v. *Jackson*, 55 id. 492; *Illinois Central R. R. Co.* v. *Gregory*, 58 id. 272; *Ryan* v. *Chicago and Northwestern Ry. Co.* 60 id. 171; *Toledo, Peoria and Warsaw Ry. Co.* v.

*Conroy*, 61 id. 162; *Illinois Central R. R. Co.* v. *Patterson*, 69 id. 650; *Toledo, Wabash and Western Ry. Co.* v. *Fredericks*, 71 id. 294; *Toledo, Wabash and Western Ry. Co.* v. *Ingraham*, 77 id. 309; *Pittsburg, Ft. Wayne and Chicago Ry. Co.* v. *Powers*, 74 id. 342; *Toledo, Wabash and Western Ry. Co.* v. *O'Connor*, 77 id. 391; *Indianapolis and St. Louis R. R. Co.* v. *Morgenstern*, 106 id. 216; *Durkin's case*, 76 id. 395.

As to the liability of the master to a servant for the negligence of a fellow-servant: *Gormly* v. *Ohio and Mississippi Ry. Co.* 72 Ind. 32; *Foster* v. *Railway Co.* 14 Minn. 360; *Howland* v. *Railway Co.* 54 Wis. 226; *Coon* v. *Railroad Co.* 1 Seld. 492; *Whalen* v. *Railway Co.* 8 Ohio St. 249; *Quincy Mining Co.* v. *Keltz*, 42 Mich. 36; *Holden* v. *Fitchburg R. R. Co.* 129 Mass. 268.

The relation of master and servant imposes no obligation on the master to take more care of the servant than the servant is willing to observe for his own personal safety. *Railroad Co.* v. *Flanagan*, 71 Ill. 277; *Pennsylvania Co.* v. *Lynch*, 90 id. 334; *Railroad Co.* v. *Troesch*, 68 id. 545.

It is a rule of universal application that the care required should be proportionate to the danger and risk of the situation of the service. *Railroad Co.* v. *Bell*, 70 Ill. 102; *Railroad Co.* v. *Sweeney*, 52 id. 325; *Railroad Co.* v. *Donahue*, 75 id. 106; *Pennsylvania Co.* v. *Lynch*, 90 id. 332.

The testimony given to contradict Kitel, the road master, was incompetent. Kitel did not testify that he gave the instructions to these witnesses, but only to Moranda, the section boss. This evidence did not contradict Kitel, and ought not to have been admitted. *McCoy* v. *People*, 71 Ill. 111; *Richardson* v. *Kelly*, 85 id. 491; *Robertson* v. *Bross*, 83 id. 116; 1 Greenleaf on Evidence, sec. 630, and note.

The court erred in allowing Cullis to give his opinion as to what is a safe distance to retire from the track when trains are passing. *City of Chicago* v. *McGiven*, 78 Ill. 347; *Pennsylvania Co.* v. *Conlan*, 101 Ill. 43.

Mr. John D. Crabtree, and Mr. A. K. Trusdell, for the appellee:

The master will not be exempt from liability for injury to one servant by the neglect of another, where it does not appear that they were either strictly coöperating in the particular work they were about, or were usually consociated in their usual duties. *Chicago and Northwestern Ry. Co.* v. *Moranda*, 93 Ill. 302.

That an erroneous instruction will not be a ground for a reversal if the court can see that justice has been done, has been repeatedly decided by this court. *Race* v. *Oldridge*, 90 Ill. 25; *New England Fire and Marine Ins. Co.* v. *Wetmore*, 32 id. 221; *Sticker* v. *Otto*, 86 id. 161; *Chicago and Western Indiana R. R. Co.* v. *Dooling*, 95 id. 202; *Martin* v. *People*, 13 id. 341; *Lawrence* v. *Hagerman*, 56 id. 68.

Mr. Justice Scholfield delivered the opinion of the Court:

When this case was here before, we reversed the judgment for error of the circuit court in admitting evidence to the effect that the widow and children of the intestate had no other means of support than that of his daily earnings. (*Chicago and Northwestern Ry. Co.* v. *Moranda*, 93 Ill. 302.) Although, as the law then was, we reviewed questions of fact as well as of law, this left no question of fact to be passed upon, and it was not intended to then express any opinion that might prejudice a future trial upon any question of fact involved in the case; but in answer to a point made by counsel for appellant, and to eliminate from previous decisions a rule of law for future guidance, we assumed, as a hypothesis sustained by the evidence in the record, that at the time of the alleged injury the intestate, as section foreman of a gang of track repairers, and the engineer and fireman on an engine drawing one of appellant's trains, were not directly coöperating with each other in their respective labors, and that their usual duties did not bring them into

habitual consociation, so that they might exercise an influence upon each other promotive of proper caution. As a hypothesis presenting the question discussed, the particulars were as well assumed as if actually true,—for the governing rule, not the sufficiency of the proofs, was the thing to be determined. But it was not intended to be asserted, and obviously it could not be asserted, as a universal truth, for numerous cases may be readily conceived in which there would be either direct coöperation or habitual consociation between and with such servants in a single, continuous work or enterprise, and, as a particular truth, it would be a subject of inquiry upon each trial. The circuit court, upon the second trial, however, gave this instruction to the jury:

"The jury are instructed that a man employed by a railroad company in the capacity of a section foreman, having charge and oversight of repairs upon a certain portion of its track, is not engaged in the same line of duty with an engineer and fireman running such company's locomotive engines, and is therefore not within the rule which exempts the common employer from liability to one of its employees for damages resulting from the fault, carelessness or negligence of a fellow-servant or co-employee."

Even if, when the case was here before, we had found, on the facts then before us, that the intestate and fireman and engineer were not so coöperating or consociating at the time of the injury as to exempt the common master from liability for injury received by the one in consequence of the negligence of the other, this instruction ought not to have been given. Whether they were so coöperating or consociating is a question of fact for the jury, and not of law for the court. (*Wabash Ry. Co.* v. *Elliott*, 98 Ill. 481; *Pennsylvania Co.* v. *Conlan*, 101 id. 93; *Chicago and Alton R. R. Co.* v. *Bonifield*, 104 id. 223; *Indianapolis and St. Louis R. R. Co.* v. *Morgenstern*, 106 id. 216.) In the last named case we said: "The definition of fellow-servants may be a question of law, but it

is always a question of fact, to be determined from the evidence, whether the particular case falls within the definition."

In the former opinion in this case, *ubi supra*, we held that in order to constitute servants of the same master "fellow-servants," within the rule *respondeat superior*, it is not enough they are engaged in doing parts of some work, or in the promotion of some enterprise carried on by the master, not requiring coöperation nor bringing the servants together or into such personal relations that they can exercise an influence upon each other promotive of proper caution in respect of their mutual safety, but it is essential that they shall be, at the time of the injury, directly coöperating with each other in the particular business in hand, or that their usual duties shall bring them into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution. We feel constrained to adhere to this ruling, notwithstanding the very ingenious and able argument of counsel for appellant in favor of its modification.

But it is essential, not only that the rule shall be given to the jury with substantial accuracy, but also that the jurors shall thereupon be left free to form and declare, from the evidence before them, their opinion upon the question of fact. Because the evidence upon a former trial may have justified a particular conclusion of fact, it does not follow that the evidence on this trial justifies the same conclusion, and it is for the jury to determine, and not for the court to assume, what is the conclusion authorized by the evidence. Under our practice it is not admissible for the court to express any opinion to the jury on questions of fact, and it is no less so because the opinion expressed may be in conformity with a previously expressed opinion of this court upon reviewing a question of fact. Where there is evidence before a jury upon which it is legally admissible there may be difference of opinion, it is error to allow any opinion of judge or court to be obtruded upon the jurors to influence their determination.

There was, here, such evidence, in our opinion, and the giving of the instruction was, therefore, clearly erroneous.

On the trial the appellee was permitted to ask of a witness, and the witness was permitted to answer, over appellant's objection, what the witness considered a safe distance to retire from the track when the trains are passing. This was error. The matter is not such as requires the opinion of an expert. We can not conceive that it can be better known to a man familiar with the operation of railroads than to one who is not, that the safe distance is always beyond, and the unsafe distance is always within, the line of danger, and whether the line of danger is at one distance rather than another, depends upon facts, not upon opinions. If there is danger from passing cars, the questions naturally arise, what is its nature?—how far does it extend? And the jury being enlightened in these respects, determine for themselves what is a "safe distance." The witness is not to be allowed to usurp their functions. *Hopkins* v. *Indianapolis and St. Louis R. R. Co.* 78 Ill. 32; *Pennsylvania Co.* v. *Conlan, supra.*

A witness occupying the position of road master of a portion of appellant's road at the time the intestate was injured, being called on behalf of appellant, testified that he had given the intestate instructions a number of times about getting out of the way of trains, etc. Appellee, thereupon, in rebuttal, called the other men, or at least several of them, who worked under the intestate at that time, and was permitted by the court, over appellant's objection, to prove by them, severally, that the road master gave them no such instructions. This was improper. The road master had not testified that he gave these individuals such instructions, and because he did not do so, or because they did not hear him so instruct the intestate, it does not follow that his testimony is untrue.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*