## Moses Dillon v. W. S. McCrea & Co.

1. APPELLATE COURT PRACTICE—*Abstracts of Record.*—The court will not consider whether the evidence justified the verdict, where the motion for a new trial, by which only could the question be raised, is not abstracted.

2. EVIDENCE—*Dealings with a Partnership Where it Becomes Incorporated.*—Where a partnership is changed into a corporation, and there is a reasonable presumption that the relations between the corporation and a person are merely a continuation of those between such person and the partnership, evidence of such relations are not to be excluded merely because of the change from a partnership to a corporation.

3. GAMBLING CONTRACTS—*How the Question Can Be Raised.*—The question as to whether a contract in litigation is a gambling contract and for that reason void, may be raised by motion to exclude the evidence, by instructions, or on a motion for a new trial, and if not raised in one of these ways, it can not be considered by the Appellate Court on appeal.

4. OPTIONS—*To Buy or Sell—Not Sales and Purchases.*—Where purchases and sales are real transactions, there is no "option to buy or sell" reserved. The buyer or seller is bound to perform, and the only option is on the day the contract is to be performed.

5. GAMBLING IN GRAIN—*Settlement by Difference in Price Not Always.*—The mere fact that a transaction on the Board of Trade is closed out before maturity and on account of losses rendered on the basis of difference in price, does not in itself prove that the parties from the beginning intended that the commodities should not be delivered and settlement made on the basis of difference in price.

**Assumpsit**, for money paid out, etc. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

JOHN G. MANAHAN and CHARLES H. ROBERTS, attorneys for appellant, contended that a contract for the sale of grain, etc., at a future day, at a given price, where it was agreed, or was the intention of the parties, that no grain should be delivered or demanded and no price therefor paid, but that in lieu thereof the contract was to be settled on the basis of differences, is a gambling contract and void; citing Criminal Code, Sec. 130; Coffman v. Young, 20 Ill. App. 76; Carroll v. Holmes, 24 Ill. App. 453; Lyon v. Culbertson, 83 Ill. 33; Miles v. Anderson, 40 Ill. App. 155; Griswold v. Blane, 11 Com. Bench, 526; Irwin v. Williar, 110 U. S. 225.

"Whoever contracts to have or to give to himself or another the option to sell or buy at a future time, any grain or other commodity" and "all contracts made in violation of this section, shall be considered gambling contracts and shall be void." Criminal Code, Sec. 130; Pearce v. Foote, 113 Ill. 228; Schneider v. Turner, 130 Ill. 28; Griswold v. Gregg & Co., 24 Ill. App. 387.

All contracts of options to buy or sell at a future time any grain or other commodity, are gambling contracts,

whether intended to be settled by differences or not. Schneider v. Turner, 130 Ill. 228; Crawford v. Spencer, 92 Mo. 502.

The statutes are not to be strictly construed, but rather to have a just if not a liberal construction, to the end the legislative intention may be accomplished—to prohibit all dealings and options in grains and other commodities. Pearce v. Foote, 113 Ill. 239.

Cutting, Castle & Williams, attorneys for appellee, contended that the intention of the parties gives character to the transaction; and if either party contracted in good faith, he is entitled to the benefit of his contract, no matter what may have been the secret purpose or intention of the other party. Pixley v. Boynton, 79 Ill. 351; Benson v. Morgan, 26 Ill. App. 22.

Mr. Justice Gary delivered the opinion of the Court.

The appellee, a corporation, is a commission merchant on the Board of Trade in Chicago, and the appellant a grain dealer at Sterling, Illinois, who shipped to the appellee grain to be sold, and also gave to the appellee orders to buy and sell grain for future delivery. In the execution of these orders the appellee claims to have suffered loss by the fluctuations of the market and the failure of the appellant to keep up his margins, and for that loss has recovered a judgment of $11,100.

We are not required to consider whether the evidence justified the verdict, as the motion for a new trial—by which only could the question be raised—is not abstracted. Wabash R. R. Co. v. Smith, No. 5579 this term, citing Chicago, P. & St. L. Ry. v. Wolf, 137 Ill. 360.

It therefore does not appear that such a question was ever propounded to the Circuit Court. In a great many cases we have declined to go to the record for information which, if material, the abstract should have supplied. Some of those cases are cited in Woven Cord Spring Co. v. Coxedge, 50 Ill. App. 334.

On the trial the appellant offered in evidence twelve letters which the court refused to admit, extracts from which are in the abstract, as follows:

"July 6, 1887.

W. S. McCrea & Co., Chicago, Ill.

　*　*　* If at any time there is a net profit of 2 cents in any corn and oats close it out. On the other hand, if at any time it should turn up, close it out when it has reached a price of a ¼ cent what it is sold at.

Moses Dillon.

July 12, 1887.

Mr. Moses Dillon, Sterling, Ill.

　*　*　* We have booked your orders to close all of the future stuff you have here at a cent net profit or a cent net loss.

W. S. McCrea & Co.

September 1, 1887.

Moses Dillon, Sterling, Ill.

　*　*　* We will now do your option trading at one-fifth, that being published rate.

Statement of December 31, 1887, marked personal, from W. S. McCrea & Co., to defendant. Credited with two cars of corn and charged with Dec. Diff. 5 Nov. rye $403.75. Dec. 2, Diff. rye $160. Same date Diff. 40 May corn $32.80. Same date Diff. 20 December. Diff. 20 January corn $25.05. Whole charge $7,177.64. May 14, 1888, letter of plaintiff to defendant acknowledging payment and settlement of the foregoing balance.

Exhibit F:

May 23, 1888.

W. S. McCrea & Co., Chicago, Ill.

Gentlemen: *　*　* When any deal I have on your books is one cent loss against me, close it out without further orders.　　　　Respectfully yours,

Moses Dillon.

Reply thereto as follows:

Chicago, May 24, 1888.

Mr. Moses Dillon, Sterling, Ill.

Dear Sir: We have your two favors of the 23d inst. We have booked your order, good until countermanded, to

close out any deals you have on our books when there is a loss of one cent a bushel.  *   *   *

Yours respectfully,

W. S. McCrea & Co."

At the dates of those letters W. S. McCrea & Co. was a partnership; at the time of the transactions which are the subject of this suit, a corporation; and the court ruled out the letters because they were not from the plaintiff in this suit.  While we think this was a wrong reason, and that the letters should have been admitted on the ground that there was a reasonable presumption that the relations between the corporation and the appellant were merely in continuation of those between the partnership and the appellant, and that whatever might be in those letters which would have affected the partnership, if it had continued, would now affect the corporation, yet it is a familiar rule that a merely theoretical error, working no injury, is no ground for reversing a judgment.  The appellant urges that the letters should have been admitted to show:

1.  That the appellant, in his buying and selling for future delivery, did not intend the actual sale and delivery, or purchase and receipt of any grain sold or bought for future delivery, but only to speculate upon the fluctuations of the market, gaining or losing the differences in prices, and that the contents of the letters were such as to give notice to the recipient of them, that such was his intention.

2.  That the letters contained "stop orders" to prevent a greater loss than one cent per bushel on such purchases or sales, and that the loss of much more sued for was incurred in disobeying his orders.

As to the first ground we think that the evidence which is abstracted—and the abstract states that numerous letters are not abstracted—leaves no room for doubt that the appellee never did deliver on his time sales, or receive on his time purchases, any grain; and that in all cases time sales were met by a purchase of a like amount, and time purchases by a sale of a like amount, and in no case did the appellant have any knowledge of the transactions other than a statement from the appellee of the fact of a purchase or sale of

a certain quantity at a certain price for a month named. The inference that he was speculating on the fluctuations of the market could not be made stronger, and as the appellee was doing the business it must have drawn the inference. The excluded letters would have added nothing to the force of that inference. No ordinary temptation would have driven the appellant to this defense. Two years before he had paid a loss nearly two-thirds as large, and looking for his money where he had lost it, more went.

We are not called upon to say whether this is gambling. That question could have been raised by motion to exclude the evidence, by instructions, or on motion for a new trial. In none of these ways does the abstract show that the court refused any application of the appellant to have the transactions treated as illegal. They are not within Sec. 130 of the Criminal Code. By the sales and purchases there was no "option to sell or buy" reserved to anybody. The appellee was, to the parties with whom it contracted, bound to perform. The only option was on what day of the month the contract should be performed.

In the cases in which the Supreme Court have treated of options, the facts have been misunderstood. Postal Tel. Co. v. Lathrop, 33 Ill. App. 400. Such misunderstanding we are not bound to follow. Chi. Bur. & Quincy R. R. v. Lee, 87 Ill. 454; Village of Fairbury v. Rogers, 98 Ill. 554; Chi. & N. W. Ry. v. Moranda, 108 Ill. 576.

The purchases and sales were real transactions on the board and many respectable courts hold that the endeavor to make a profit by buying cheap and selling dear is not gambling. Postal Telegraph Co. v. Lathrop, 33 Ill. App. 400.

2. As to the "stop orders." On the 28th of June, 1890, the appellant wrote to the appellee, "Cancel all orders," which left the appellee no longer at liberty to follow them.

The appellant urges that it was error not to permit him to testify what his intention was in these transactions. The offer of his intention did not include any communication of that intention to the appellee and was rightly rejected.

The appellant argues that the following instructions were erroneous:

" The jury are instructed that any agreement entered into by and between the defendant and the firm or partnership of W. S. McCrea & Co. would not be binding on the plaintiff, a corporation, after the dissolution of the firm, unless said agreement between said firm and defendant was accepted and adopted by said corporation with the knowledge and consent of both said corporation and defendant."

" The jury are instructed that the mere fact, if proven, that the transactions on the Board of Trade set out in plaintiff's declaration were closed out before maturity and an account of the losses rendered to defendant upon the basis of difference in price, does not of itself necessarily prove that the parties from the beginning intended that the commodities sold should not be delivered, and settlement therefor should be made on the basis of difference in price; and you are further instructed that unless you believe from the evidence that there was an agreement or understanding between the plaintiff and the defendant at or before the sale of any of the grain in controversy, that no grain should be delivered or received and settlements therefor should be made only on differences, then you should find for the plaintiff for such amount, if any, as you believe from the evidence to be due from the defendant."

The first should not have been given, as all evidence on the subject of it was excluded, but it could have done no harm; and the second we believe to be law.    Oldershaw v. Knoles, 6 Ill. App. 325.

The judgment is affirmed.