NORFOLK BEET-SUGAR COMPANY v. HERMAN KOCH.

FILED JUNE 16, 1897.  No. 7376.

1. **Review:** DISREGARD OF INSTRUCTIONS. It clearly appearing that the verdict in this case was rendered in disregard of the instructions and evidence, the judgment is reversed.

2. **Personal Injuries:** VERDICT AGAINST MASTER: EVIDENCE: REVIEW: In a personal injury case by a servant against a master, the evidence without contradiction disclosing that the injury was sustained by reason of the negligence of another servant of the same master, there being no other evidence as to the relations existing between the two servants, and the jury having answered, "We don't know," to a special interrogatory as to whether they were fellow servants, *held*, that the general verdict in favor of the plaintiff was not sustained by the evidence.

ERROR from the district court of Madison county. Tried below before ROBINSON, J.  *Reversed.*

*Powers & Hays,* for plaintiff in error.

*Beels & Schoregge* and *Koenigstein & Koenigstein, contra.*

IRVINE, C.

This was an action by Herman Koch, an infant, against the Norfolk Beet-Sugar Company, to recover damages for personal injuries sustained by him while in the employ of the defendant, and alleged to be due to the negligence of the defendant. The plaintiff had a judgment for $1,500. The defendant prosecutes error.

The evidence with regard to the manner in which the accident occurred is very meagre. The following is all that is material in the evidence on that point: Koch was sixteen years of age, had been employed in the factory the previous year, and had been employed there about a month in 1893, when, on Sunday, the 24th of September, the factory being for the most part closed for the purpose of cleaning it up, Koch was directed by the superintendent to enter a closed drain or sewer for the purpose of removing an obstruction. It seems that from certain machinery in the factory it was customary to discharge hot water and steam into this sewer. On the day in question only one machine was in operation from which such water and steam could be discharged. This was a machine styled in the evidence a "quadruple effect," and was in charge of one Peter Stirert. Prior to ordering Koch to enter the sewer the superintendent told Stirert what was about to be done, and commanded him not to let any water or steam into the sewer. When he directed Koch to enter the sewer he told him that there was no danger in doing so. Koch entered, and while he was within the sewer a volume of hot water and steam was permitted to enter and he was severely scalded. The only negligence alleged in the petition is the permitting of the water and steam to enter the sewer while Koch was there.

The court submitted to the jury certain questions for special findings. Among them were the following:

"Did the injury the plaintiff complains of result from any act of negligence of the defendant?"

A. "Yes."

Second: "If the jury answers the above question in the affirmative, state what act or acts of negligence on the part of the defendant caused said injury."

A. "By permitting a volume of hot water to flow through the sewer in which the plaintiff was at work."

It is thus evident, both from the petition and from the special verdict, that the verdict was found solely because

of negligence in permitting the water to enter the sewer, and not bcause a youth of tender years had been ordered into a place of exceptional danger. One defense was that the negligence, if any, was that of Koch's fellow servant. The only evidence as to the relations existing between these two servants is that neither occupied any position of control or direction over the other, and that they were both employed by the defendant,—Koch as a common laborer, and Stirert to operate the "quadruple effect." Whether or not their duties were of such a character as to bring them often together co-operating in any work does not appear. The court instructed the jury on the broad theory of fellow servants, as declared by Chief Justice Shaw in *Farwell v. Boston & W. R. Co.*, 4 Met. [Mass.], 49, to the effect that all persons working for the same master are fellow servants. Under the rule established in this state this instruction was prejudicially erroneous as to the plaintiff. (*Union P. R. Co. v. Erickson*, 41 Neb., 1; *Omaha & R. V. R. Co. v. Krayenbuhl*, 48 Neb., 553.) Nevertheless, under this instruction and the evidence there was not room for the slightest doubt that they were fellow servants. Notwithstanding the uncontradicted evidence that they were in the employ of a common master, and the instruction that this constituted them fellow servants, the question in the special verdict as to whether they were fellow servants and as to whose servant Stirert was, the jury answered, "We don't know." It is evident, therefore, that the jury deliberately disregarded the evidence and instructions in this respect. But had the instruction on this question been in accordance with the rule established in this state, to the effect that in order to exempt the master from responsibility to one servant for injuries caused by the negligence of another, there must be some consociation in the same department of duty or line of employment, the verdict would still not be sustained by the evidence. Where this commonly called "department rule" prevails it is a question of fact for the jury to determine under appropriate instructions

by the court whether the two persons are fellow servants. (*Indianapolis & St. L. R. Co. v. Daniel Morgenstern*, 106 Ill., 216; *Chicago & N. W. R. Co. v. Moranda*, 108 Ill., 576; *Devine v. Tarrytown & Irvington Union Gaslight Co.*, 22 Hun [N. Y.], 26; *Hass v. Philadelphia & Southern Mail Steamship Co.*, 88 Pa. St., 269.) A number of facts are admissible for the purpose of proving or disproving this relationship. Employment by a common master; a liability to discharge by the same master or officer; whether or not one of the persons has power to direct and control the operations of the other; whether they are subject to the orders of different superintendents or foremen; whether they habitually or frequently work together at the same particular task; whether, if their work is different, they are frequently brought together and co-operate generally to accomplish the same end; or whether, on the other hand, their lines of duty are entirely distinct, without any consociation, as was the case in *Union P. R. Co. v. Erickson, supra*. Perhaps other facts might be shown. But in this case a single fact appeared,—to-wit, that they were in the employ of a common master, and worked in and about the same factory. In the absence of other evidence, this tends to establish the relationship of fellow servants, and in the absence of other evidence, the jury should have so found. It is quite evident that the verdict was governed either by prejudice against the defendant or by sympathy for the plaintiff, and was rendered in reckless disregard of the evidence in the case.

After the verdict was returned the defendant objected to the discharge of the jury until the questions which the jury had answered "we don't know" had been properly answered. This objection was overruled and the jury discharged. These questions were of the very essence of the case. Whether it was error of itself, in view of the general verdict, to accept it without an answer to these questions,—the court having already determined that they should be submitted to the jury,—we do not determine. The failure of the jury, however, to answer the

questions, especially in the light of the instructions given, demonstrates conclusively the vice of the verdict.

REVERSED AND REMANDED.