KITCHEN BROTHERS HOTEL COMPANY v. WILLIAM DIXON, BY HIS NEXT FRIEND, DAVID KIMMEL.

FILED MARCH 2, 1904.   No. 13,423.

1. **Fellow Servants.** A bell boy in a hotel, a part of whose duties consists in showing guests to their rooms, using the elevator for that purpose, and the elevator boy in charge of the elevator, both being employed and subject to the directions of the same master, are fellow servants.

2. **Petition: NEGLIGENCE.** Petition examined and *held* to charge negligence, causing the accident for which damages are sought to be recovered, to the acts of a fellow servant.

3. **Pleadings: ISSUES: EVIDENCE.** An issue not made by the pleadings may be regarded as an issue in the case, where evidence is introduced and received thereon without objection, but when objection is made that evidence offered is not within the issues, it is error to receive it, and to try and submit the case on the theory that such question is an issue in the case, if it is not in fact made so by the pleadings.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*B. T. White* and *J. B. Sheean,* for plaintiff in error.

*Jefferis & Howell, contra.*

DUFFIE, C.

The defendant in error recovered judgment against plaintiff in error, in a suit brought to recover for injuries received by falling into the elevator shaft of the passenger elevator in the Paxton Hotel, in the city of Omaha. At the time of his injury he was a bell boy in the employ of the hotel company, and a part of his duties was to accompany and show guests of the hotel to said elevator and to their respective rooms in said hotel, by taking and accompanying said guests to and into said elevator to be carried as passengers to the floor upon which said guests had rooms. The elevator was operated by an elevator boy,

whose duties required him to put the elevator in motion
and operate the same in transporting guests, and other
persons having a right to be transported thereon, to and
from the different floors of said hotel building. It was
the duty of the elevator boy to keep the doors of the eleva-
tor shaft closed on each of the floors, when the elevator car
was not stationed at a given floor ready for the entrance
and departure of passengers into and from said elevator
car. Paragraphs 8½, 9 and 10 of the petition are in the
following language:

"8½. That at the times hereinafter and heretofore men-
tioned, it was the duty of the defendant to keep said ele-
vator, elevator shaft and the doors leading to the car, in
proper and safe condition, and it was the duty of said
defendant to keep said elevator door on the first floor of
the building herein mentioned closed at all times, except
when the car of said elevator was standing at said floor
ready to receive passengers and persons for transportation
therein, and it was the duty of said defendant to keep the
door of the elevator shaft at said floor in good order, so
that the same would fasten from the inside and remain
fastened in such manner that the same could not be
opened from the outside without a key, and keep the same
securely fastened at all times when said elevator car was
not at said floor ready to receive passengers for transpor-
tation in said car; that the defendant negligently failed
to provide a proper fastening for said door, and negli-
gently failed to keep said door closed at the time of the
injury herein complained of, while said car was above the
first floor, thus leaving the shaft of said elevator open,
unguarded and without proper lighting about said elevator
and the shaft, or any other warning; that the defendant
negligently kept for use on the first floor of said building,
at said elevator shaft, a door, through which entrance to
the said shaft and the said car was made, said door being
negligently and carelessly constructed; that the same could
be opened from the outside of said elevator shaft without
a key, and that said door, on said occasion, was so negli-

gently and carelessly constructed and maintained that the same failed to catch when it was closed, all of which foregoing was well known to defendant herein, the plaintiff herein being ignorant at the time of said accident of the aforesaid conditions and the negligence of the defendant.

"9. That, at the time aforesaid, to wit: on April 6, 1901, between the hours of 11 o'clock and 12 o'clock P. M., the plaintiff was directed by the defendant to take the baggage of a guest of said hotel, and accompany said guest to a room which had been assigned to said guest above the first floor of said building; and, at said time, *the elevator man or boy in charge of the car of said elevator caused the door opening into the elevator-way, shaft or opening on the first floor of said building, where the plaintiff and said guest were, to be opened, and remain open while the said elevator man or boy stood near the said door or opening.*

"10. That, at said time, the defendant, well knowing the premises aforesaid, negligently and wrongfully left said door on said floor, where the plaintiff and said guest were, open, and the said elevator-way or shaft unguarded, and without any signal or warning; in consequence whereof the plaintiff aforesaid, while lawfully and properly on said ground floor in the building aforesaid, believing that the elevator car was there in the said shaft, and on the ground floor, in waiting and readiness to receive passengers for carriage, *and induced to so believe by the fact that said door was standing open as aforesaid, and by the further fact that said elevator man or boy, having charge of said car, was standing at or near said door and opening, apparently prepared to transport passengers in said car,* and believing then by entering said door he would be stepping into the aforesaid elevator car, and it being dimly lighted in and about said shaft and car, entered and passed through said door or doorway; and the said elevator car not being in that portion of the shaft, but at some place above the ground floor of said building at that time, without any fault on his part, the said plaintiff fell into, down and through said elevator-way or shaft, from the ground

floor of said building to the lower floor or basement thereof, among timbers and structures, in the bottom of said shaft."

We have copied the foregoing paragraphs of the petition for the reason that the court, in its instructions to the jury, and the defendant in error, in his argument in this court, assumed that the plaintiff below, in his petition, charged the defective condition of the lock or catch of the elevator door to be an act of negligence on the part of the defendant, and one of the proximate causes of the injury to the plaintiff below. The plaintiff below, in his testimony, in describing the accident and the causes that led thereto, states that, on or about midnight of the day the accident occurred, he was doing some work behind the counter in the Paxton Hotel office; that a guest arrived at the hotel and, after registering, desired to be assigned to a room; that plaintiff below was requested by the night clerk to show the guest to the room assigned to him; that he took the key of the room and the grip of the guest and started toward the elevator, the door of which stood open, the elevator boy who had charge at that hour being some 30 feet away, standing in the rotunda of the hotel; that he turned his head and indicated to the elevator boy that his services were required, and, supposing that the car of the elevator was standing on a level with the office floor, from the fact that the door was open, he stepped into the elevator shaft, and fell to the basement, some ten feet beneath, and on to the cross beams that supported the elevator, one of his legs being broken by the fall. It appears from other evidence in the case that, a short time prior to the accident, another bell boy had taken a guest to one of the upper floors of the hotel, using the elevator for that purpose, the boy in charge of the elevator being absent at the time in the water closet; that, according to the rules and customs of the hotel, he closed the elevator door at the upper floor, upon leaving the elevator with the guest in his charge, after starting the elevator on its way down to the office floor by pulling the rope which controlled its action,

it being the custom for the bell boys to use the elevator in showing guests to their rooms, but to use the stairway of the hotel in returning to the office. This bell boy, one Mulligan, states that, on entering the elevator with the guest, he closed the door, but he could not state whether he latch caught; and defendant in error insists that, on account of the defective condition of the latch or lock of the elevator door, it did not catch, and the door rolled back and opened of its own accord, and because of this defective condition of the lock, and of the negligence of the hotel company in not repairing the same so that it would catch and hold the door in place, the door came open, thus indicating to him that the car of the elevator was standing at the office floor, and that this negligence was the cause of his injury. As we read the petition, the negligence charged, and which caused the injury, was the act of the elevator boy in charge of the elevator in leaving the door on the office floor open, while in charge thereof, and while standing near the elevator entrance, the elevator car not being at the office floor.

The ninth paragraph of the petition, after reciting the direction of the clerk to the plaintiff below to show the guest to his room, then alleges: "And, at said time, the elevator man or boy in charge of the car of said elevator, caused the door opening into the elevator-way, shaft or opening on the first floor of said building, where the plaintiff and said guest were, *to be opened, and remain open while the said elevator man or boy stood near said door or opening.*" The car of the elevator, as alleged in the next paragraph, "*not being in that portion of the shaft, but at some place above the ground floor of said building at that time.*"

Whatever may have been the theory of the plaintiff below in framing his petition, it certainly does not charge that the defective condition of the lock of the door was the proximate cause of the injury, but it does charge, in explicit terms, that the injury arose from the elevator boy leaving the door open and standing in the vicinity, thus

indicating to the plaintiff below that the car of the elevator stood at the office floor, and that he might safely enter the door of the elevator. That the elevator boy, through whose negligence it is charged the plaintiff below was injured, was a fellow servant is amply sustained by the authorities. *Norfolk Beet-Sugar Co. v. Koch*, 52 Neb. 197; *McCarty v. Rood Hotel Co.*, 144 Mo. 397; *Stevens v. Chamberlin*, 40 C. C. A. 421, 51 L. R. A. 513, and note. That one servant can not recover from the common master for negligence of a fellow servant, where no negligence is charged against the master in employing, or keeping in his employ, the servant whose negligence caused the injury, is too well established to need a citation of authorities. The court admitted evidence of the defective condition of the latch or lock on the elevator door, and it is now insisted that, because the trial proceeded upon the theory that that was an issue in the case and one of the acts of negligence charged against plaintiff in error, it is too late to raise the question at this time. And *Colorado Mortgage & Investment Co. v. Rees*, 21 Colo. 435, is cited as an authority in support of this position. In that case it is held that a party desiring to take advantage of a variance between the declaration and the evidence should object to the evidence when offered, and point out wherein the variance consists, so that the other party may amend the declaration and thus avoid the objection. It appears only to have been made after the plaintiffs had closed their evidence, when the right to make it had been waived.

The better rule undoubtedly is, that a party who desires to take advantage of a variance between the pleadings and the proof offered by his adversary, should object to the introduction of the evidence upon that ground, and, if he allows the trial to proceed without objection, it is a waiver on his part, and he can not thereafter take advantage of the variance or say that the question concerning which the evidence was offered was not in issue in the case. In this case, however, the defendant did object to the evidence. The witness by whom the defective condition of this

Kitchen Bros. Hotel Co. v. Dixon.

lock was sought to be shown was asked this question: "How was this door on the first floor of the Paxton Hotel leading to the elevator? Describe the condition of the lock from February on to April. If you slammed the door shut, what was its condition, whether it would catch or not?" "Objected to as incompetent and no foundation laid and not within the issues and irrelevant. Overruled. Defendant excepts."

Here was a plain objection to the offer of this testimony, upon the ground that it was not within the issues and irrelevant. Whether a more particular objection was made in any argument addressed to the court, of course, is not shown by the record, but the objection clearly calls the attention of the court and the plaintiff below to the fact that the evidence offered was outside of the issues made by the pleadings. In this condition of the record, we think the proof was improperly admitted, and, being improperly admitted, it was error for the court to submit the case to the jury upon the assumption that the negligence complained of, and which caused the injury, was a failure on the part of the plaintiff in error to equip the elevator door with a proper catch, or to repair it, if out of order. The case having been submitted and apparently determined against the plaintiff in error upon an issue not made by the pleadings, we recommend a reversal of the judgment.

LETTON and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.