GREELY BAKER, APPELLANT, V. SWIFT & COMPANY,
APPELLEE.

FILED DECEMBER 7, 1906.   No. 14,544.

Directing Verdict.   Where from the undisputed evidence it appears
as a matter of law that the plaintiff should not recover, the
action of the trial court in directing a verdict for the defendant
*held* to be the only proper course to pursue.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE.   *Affirmed.*

*John O. Yeiser,* for appellant.

*Greene, Breckenridge & Kinsler, contra.*

JACKSON, C.

The action is one to recover damages for a personal in-
jury which the plaintiff claims to have sustained on ac-
count of the negligence of the defendant.   At the close of
the plaintiff's evidence the jury were instructed to return
a verdict for the defendant.   The plaintiff appeals.

The only testimony in the record is that of the plain-
tiff himself, and it tends to prove that the plaintiff was
employed in the hog-killing department of the defendant,
who is engaged in operating a packing house in South
Omaha.   He was employed in the same room with some
40 or 50 other workmen, all engaged in the same charac-
ter of employment.   On the 8th day of April, 1902, their
duties for the day were terminated at about 3 o'clock in
the afternoon.   The plaintiff went immediately to one of
the benches used by the employees in the course of their
labor, where he was engaged in washing himself and clean-

ing his tools preparatory to leaving the building, when another workman, who was at that time using a hose through which hot water was being forced under pressure of steam for the purpose of cleaning up the room, as it was a daily custom to do after the killing operations for the day had ceased, either carelessly or purposely turned the hose in the direction of the plaintiff so that the water was forced onto his person, resulting in his being severely scalded. The employee who was using the hose was a negro boy about 14 years of age, and had previously been performing the same character of service as that required of the plaintiff. Whether he was so employed on the day of the injury does not appear. The plaintiff and other employees in his department were all under the direction of the same foreman. It appears also from the testimony of the plaintiff that the day before the injury he had engaged in an altercation with the negro.

It is contended by the appellant that at the instant the last animal passed through their hands for the day the relation of master and servant ceased, and that the application of the fellow servant rule no longer applied, and that he was entitled to the same protection a stranger would be entitled to who came upon the premises of the defendant by invitation; that no rule of the establishment required him to wash himself or clean his tools on the premises, but that the fact that conveniences were at hand for that purpose was a mere invitation to do so. It is worthy of notice in that connection that a time keeper was employed by the defendant, who gave each laborer a time-check when he entered the establishment in the morning, and that each, as he completed his day's labor deposited his check when he passed out. This the plaintiff had not done at the time of the injury.

We do not regard the fact that the appellant had actually ceased from labor for the day as being at all important in a determination of the questions involved. He was still on the appellee's premises, and it does not follow that, because the injury resulting from the negligence of

his fellow servant was not concurrent in point of time with his actual employment, the master would be thereby liable. *Butler v. Townsend,* 126 N. Y. 105. We entertain no doubt that the appellant and the negro boy were fellow servants under the rule of *Kitchen Bros. Hotel Co. v. Dixon,* 71 Neb. 293. The case in some respects is similar to that of *O'Neil v. Pittsburg, C. C. & St. L. R. Co.,* 130 Fed. 204. The same principle, at least, was there involved as in the present case. It is urged, however, that the employment of a negro boy of the age of 14 years for the performance of the service required was of itself negligence. From the testimony of the appellant it is evident that the negro was well developed for a boy of his age, as much so as the appellant himself, who was some years older, and we do not concur in the views expressed by appellant that the race to which he belonged is a proper element to be considered in determining whether or not he was capable of performing the service required of him.

Several assignments of error relate to objections to questions propounded by counsel for appellant, which were sustained by the trial court. They are all disposed of in the brief by the statement: "The other assignments only affect the record in showing the court prevented plaintiff from clearly rebutting the attempt to show consociation. Had the court not sustained objections to questions asked to show two distinct gangs and two separate foremen and different times of work for each gang as shown in remaining assignments of error, we would have affirmatively shown no possibility even for the existence of any such possible matter to have been interposed as a defense."

There are two answers to the suggestion: First, that the appellant was finally permitted to testify that he did not know whether there was any other boss or foreman after the last hog went over the line, or whether the foreman of the hog-killing gang stayed and continued to be boss over any other gang that might follow; and, second,

no offer to prove any special fact was made after the objections to the interrogatories were sustained.

The judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.